Halpern, Halpern & Axelrod, Mineola, N.Y., for Nat. Bank of No. America.

**In re James P. LAWRENCE and Mary E. Lawrence, Debtors.**

**Bankruptcy No. 881–80505–18.**

United States Bankruptcy Court, E. D. New York.

March 19, 1982.

### DECISION

C. ALBERT PARENTE, Bankruptcy Judge.

On February 13, 1981, James P. Lawrence and Mary E. Lawrence (debtors) filed a petition in bankruptcy under Chapter 13 of the Bankruptcy Code.

By order to show cause signed October 21, 1981, the debtors requested an order directing the Sheriff of Suffolk County to pay over to the debtors the sum of $200 which the Sheriff is holding pursuant to an income execution issued by a judgment creditor, the National Bank of North America (respondent).

On October 30, 1981, respondent filed an affirmation in opposition claiming that the income execution was issued in May of 1980, more than 90 days prior to the filing of the Chapter 13 petition and therefore,

pursuant to case law, the monies recovered belong to the judgment creditor.

The issue before the Court is whether the payments made by the debtor within 90 days of the date debtors filed a petition in bankruptcy a preferential transfer which may be avoided pursuant to 11 U.S.C. § 547(b).

The pertinent statutory provision of the Bankruptcy Code is § 547(b), which provides that the trustee may avoid any transfer of property of the debtor to or for the benefit of a creditor, for or on account of an antecedent debt owed by the debtor before such transfer was made, made while the debtor was insolvent, and made on or within 90 days before the date of the filing of the petition.

The decision relied upon by the creditor, *In re Riddervold*, 647 F.2d 342 (2d Cir. 1981), indicates that the Court must refer to the provisions of the New York State CPLR § 5231, which governs income executions, in consonance with the applicable provisions of the Bankruptcy Code.

The provisions of § 5231 CPLR indicate that the procedure for an income execution is a two-tiered procedure. Initially, the judgment creditor is required to issue the income execution to the sheriff of the county wherein the judgment debtor maintains his residence, which execution directs the judgment debtor to make payment of the amount to be deducted within 20 days after service of the notice of the income execution, and upon the failure of a judgment debtor to comply, the sheriff must then attempt to serve the employer. If the employer is not within the same county as the residence county of the judgment debtor, then the income execution must be returned to the sheriff of the residence county and directed to the sheriff of the county wherein the employer maintains its place of business.

Here, it appears that the income execution was never served upon the employer, but that approximately 7 months after issuance of the income execution, voluntary payments were commenced by the debtor, directed to the Sheriff of Suffolk County.

The foregoing facts clearly distinguish the case at bar from the *Riddervold* decision.

In the *Riddervold* decision the deductions were made by the employer and transferred to the sheriff, who remitted the sums to the judgment creditor. The application before the court in *Riddervold* was made by the debtor to recover the monies paid thereunder. The court, in its decision, stated that the service of the income execution upon the employer constituted a novation, whereby the employer owed to the judgment creditor 10% of the employee's salary, which sum was then not due and payable to the employee, but to the sheriff for the benefit of the judgment creditor. Hence, the court concluded that § 547 was not applicable, as the debtor had no property or interest in the property subject to the levy which could be transferred within the provisions of § 547.

The facts at bar differ from the *Riddervold* decision in that the employer was never served and therefore no novation could take place. On the contrary, it appears from the undisputed facts that the debtor herein voluntarily transferred from his income the sum of $200 over a period of approximately 5 weeks. Since a transfer had been made by the debtor within the provisions of § 547(b), the trustee of the debtor's estate is authorized by § 547 to avoid the transfer.

However, in the instant case the motion to avoid transfer has been made by the debtor, not the trustee. Therefore, in addition to the requirements of § 547, a debtor must show, pursuant to 11 U.S.C. § 522(h), that if the trustee had avoided these payments, the debtor could have exempted them under the blanket exemption of § 522(d)(5), to wit, $400 plus any unused amount of the exemption provided in § 522(d)(1).

The debtor has offered no evidence establishing that he could exempt any monies recovered from the Sheriff. Furthermore, a review of debtor's Chapter 13 petition indicates that the debtor has claimed the

full exemptions under both subsections (1) and (5) of 11 U.S.C. § 522(d).

Thus, although this Court finds that debtor's case is distinguishable from *Riddervold,* which respondent urges as the basis for denial of debtor's motion, nonetheless the Court must deny debtor's motion on the ground that debtor has failed to demonstrate that the monies are recoverable as exempt property.