SOLON AUTOMATED SERVICES,
INC., Plaintiff,

v.

GEORGETOWN OF KETTERING, LTD.,
Hunter Savings Association,
Defendants.

In the Matter of GEORGETOWN OF
KETTERING, LTD., Debtor.

Adv. No. 3–82–0200.
Bankruptcy No. 3–81–00700.

United States Bankruptcy Court,
S. D. Ohio, W. D.

Aug. 3, 1982.

Donald M. Drake, Columbus, Ohio, for plaintiff.

Donald M. Lerner, Cincinnati, Ohio, John D. Squires, Dayton, Ohio, for defendants.

## MEMORANDUM DENIAL OF MOTION TO DISMISS

CHARLES A. ANDERSON, Bankruptcy Judge.

The Court confirmed a Plan of Reorganization under 11 U.S.C. Chapter 11 for the above-named Debtor on 25 January 1982. On 8 April 1982, Plaintiff initiated the instant proceeding by Complaint essentially alleging that the Plan confirmation is not *res judicata* insofar as the Plan purports to deal with Plaintiff because Plaintiff did not receive notice of the proposed Plan nor proceedings attendant thereto.

The pertinent facts do not appear to be in controversy. The confirmed Plan is essentially a "liquidation plan" whereby Defendant Hunter Savings Association, hereinafter Hunter, received title to real estate, an apartment complex which comprised Debt-

or's principal asset, in exchange for a release of any potential liabilities of Debtor and Debtor's principals. Hunter held the "first" mortgage in the apartment complex. Plaintiff operates a laundry equipment supply service, and possesses a leasehold interest in the laundry room located in the apartment complex. The lease commenced on 31 January 1978 for a term of seven years. On 27 April 1981, Debtor consented to the Involuntary Petition which had been filed on 18 March 1981, and this Court entered an Order for Relief under Chapter 11 on 1 May 1981. Debtor's Schedules do not refer to Plaintiff's leasehold interest, and reference to Plaintiff does not appear in the record aside from the instant adversarial proceeding.

On 3 November 1981, Hunter filed a proposed Plan of Reorganization on behalf of Debtor, which this Court duly confirmed on 25 January 1982. The Court notes that Plaintiff's objection to the validity of the Plan confirmation is based entirely on an implied due process argument premised in the conceded fact that Plaintiff was not notified of the confirmation proceedings; Plaintiff has not otherwise questioned the validity of the substantive Plan provisions nor the procedure implemented for confirmation insofar as notified parties are concerned.

Two Articles of the Plan are relevant to the instant proceeding; they are quoted in full, as follows:

## ARTICLE IV

### EXECUTORY CONTRACTS

Hunter hereby assumes pursuant to § 1123(b)(2) of the Code all written apartment lease agreements running from the Debtor to tenants in the apartment complex at Georgetown of Kettering, executed prior to September 30, 1981, which lease agreements shall be deemed affirmed on the Distribution Date. Thereafter, Hunter shall have sole possession of all tenant's security deposits.

Hunter hereby rejects pursuant to § 1123(b)(2) of the Code all other executory contracts between the Debtor and other entities.

## ARTICLE VII

### RETENTION OF JURISDICTION

The Court shall retain jurisdiction of this Chapter 11 case pursuant to and for the purposes set forth in § 1127(b) of the Code and to:

(a) Determine the allowance or disallowance of claims and interest;

(b) Fix allowances of compensation and other administrative expenses; and

(c) For such other matters as may be set forth in the Order of Confirmation.

Plaintiff contends that it "should be deemed to not have accepted the proposed Chapter 11 Plan" because the Plan "summarily rejects" Plaintiff's lease without "the opportunity to be heard as a party in interest to the proceedings." Plaintiff also professed in its Complaint that it intends to remain in possession of its leasehold interest "pursuant to § 365(h)(1) *et seq.*" Plaintiff alleges that Hunter "has made continual demands for (Plaintiff) to remove itself from said premises and has notified (Plaintiff) that a competing business has been given a new contract with debtor." Plaintiff further alleges that, "Both defendants, Hunter and (Debtor), have attempted to impede, and have, in fact, interfered with the business relationship previously existing between (Plaintiff) and (Debtor), ... (resulting in an) immediate threat of irreparable harm...." Accordingly, Plaintiff prays that "the plan as confirmed be modified to disallow rejection of (Plaintiff's) lease," and that the Court "declare the lease between the Debtor and (Plaintiff) as validly existing and to allow (Plaintiff) to remain in possession of the premises ... under the terms of the original lease agreement...."

The Court notes that Plaintiff has not alleged that Debtor committed an actual prepetition breach of the lease, nor has Plaintiff filed a Proof of Claim for any damages resulting from the lease rejection.

Note 11 U.S.C. §§ 365(g)(1) and (h)(2), and 502(g).

The matter is presently before the Court upon Hunter's Motion to Dismiss for Lack of Subject Matter Jurisdiction, essentially alleging that "... this Court is without jurisdiction to entertain any matters which were dealt with by the plan unless jurisdiction was either reserved specifically in the Order confirming the plan or in the plan itself." Hunter contends that the limited jurisdiction retained by the Court in Article VII of the Plan does not encompass Plaintiff's request for Plan modification, since the Plan is confirmed and therefore *res judicata* in regard to Hunter's rejection of Plaintiff's lease. Hunter further contends that rejection of a lease through a Chapter 11 plan deprives the lessee of the right to possession if the rejecting party is not the trustee nor the Debtor-in-possession, (note the language of 11 U.S.C. § 365(h)). On this basis, Hunter argues that, as a third party "mortgagee-in-possession," it may therefore evict Plaintiff pursuant to the terms of the Plan free from the constraints of 11 U.S.C. § 365(h), and that such eviction is not actionable in this Court since the Plan does not specifically retain jurisdiction for adjudication of rights under executory contracts. Hunter further argues that 11 U.S.C. § 1141(a) binds all interested parties to the terms of a confirmed plan, and that plan confirmation thereby bars the instant litigation by operation as an *in rem* judgment subject to principles of *res judicata*, and also by terminating this Court's jurisdiction over ancillary state law claims which arise through plan implementation and do not affect the debtor's substantive bankruptcy rights. (Note 11 U.S.C. § 1142.) In addition, Hunter contends that, even if Plaintiff were entitled to notice, this Court's finding that the Plan is "fair and equitable" would permit confirmation under the "cramdown" provision of 11 U.S.C. § 1129(b) despite any objection Plaintiff might have had to rejection of the subject lease. The Court notes that the record does not allege a breach of the lease agreement by Plaintiff, and that Hunter apparently is arguing that rejection through the Plan is itself grounds for eviction.

## DECISION AND ORDER

### I

The initial question before the Court is whether a lessee of a debtor's real property is entitled to notice of the Chapter 11 proceedings leading to confirmation of a plan which proposes that a third party creditor reject the underlying lease agreement. It is undisputed that Plaintiff, as lessee, has been in possession of its leasehold interest in Debtor's property since commencement of the lease term on 31 January 1978.

The rejection of an unexpired lease through a Chapter 11 plan is "subject to section 365 of (title 11 of the United States Code)." 11 U.S.C. § 1123(b)(2). Thus, the protections afforded by 11 U.S.C. § 365 to parties entering into lease arrangements with a debtor may not be circumvented by use of Chapter 11 proceedings. To insure protection of the leasehold interests of parties involved in a lease with a debtor before this Court, the Code contemplates that rejection of an unexpired lease through a plan proposed under Chapter 11 incorporates by reference the provisions of 11 U.S.C. § 365 into the substantive terms of the plan. 11 U.S.C. § 1123(b)(2). The Court notes that the subject Plan impliedly restates this proposition by explicitly qualifying the rejection of the subject lease as "pursuant to 11 U.S.C. § 1123(b)(2)." In the instant Plan, therefore, Plaintiff, as a tenant in Debtor's property, is protected by the terms of 11 U.S.C. § 365(h), which are necessarily construed as part of the substantive provisions of the Plan. 11 U.S.C. § 1123(b)(2).

11 U.S.C. § 365(h) provides:

(h)(1) If the trustee rejects an unexpired lease of real property of the debtor under which the debtor is the lessor, the lessee under such lease may treat the lease as terminated by such rejection, or, in the alternative, may remain in possession for the balance of the term of such lease and any renewal or extension of such term

that is enforceable by such lessee under applicable nonbankruptcy law.

(2) If such lessee remains in possession, such lessee may offset against the rent reserved under such lease for the balance of the term after the date of the rejection of such lease and any such renewal or extension, any damages occurring after such date caused by the non-performance of any obligation of the debtor against such date, but such lessee does not have any rights against the estate on account of any damages arising after such date from such rejection, other than such offset.

Hunter argues that, since Hunter is the rejecting party, and since no Trustee was appointed in the instant proceedings, the rights of 11 U.S.C. § 365(h) cannot have been triggered since the subsection only applies "if the trustee rejects." It is the opinion of the Court that this analysis is contrived, and that an act of rejection accomplished in a Chapter 11 plan filed "by a creditor" not a party to the lease constitutes an exercise of powers derivative from the trustee. Hunter is not a party to the lease which "Hunter rejects" in Debtor's Chapter 11 Plan. Instead, any act of rejection by Hunter, as transferee of Debtor's property, is vicariously performed on Debtor's behalf. If this were not true, then Debtor would remain obligated despite "Hunter's rejection," and "rejection by Hunter" would therefore be meaningless since the Debtor could not transfer greater property rights then it possesses, and Debtor's title would be subject to, what is alleged to be, a properly recorded lease. Note O.R.C. §§ 317.08 and 5301.25. Since Debtor was in possession of the apartment complex until transfer of title to Hunter pursuant to the Plan, Debtor possessed the powers and duties of a trustee. 11 U.S.C. § 1107. Rejection by Hunter of Debtor's lease with Plaintiff, therefore, is ultimately an exercise of the trustee's power to reject the subject lease under 11 U.S.C. § 365(a) by Hunter on Debtor's behalf, thereby invoking Plaintiff's rights under 11 U.S.C. § 365(h) as required by 11 U.S.C. § 1123(b)(2).

Having established that the Plan, by its own terms, endows Plaintiff with the lessee's option in 11 U.S.C. § 365(h) of either termination of the lease or continued possession of the leasehold interest, the question which remains is whether Plaintiff has the status of a party entitled to notice under Interim Bankruptcy Rule 2002(b)(5) through (8). The specific legal inquiry is whether Plaintiff is a "creditor" as that term is used in Interim Bankruptcy Rule 2002(b). Although the term, "claim," is defined broadly to include any legal obligation of a debtor, thus including a lease obligation, 11 U.S.C. § 101(4), the Court notes that Plaintiff has not alleged an *actual* indebtedness based upon a breach of the lease agreement prior to Debtor's rejection; i.e. Plaintiff does not allege that a cause of action based upon failure of performance would have existed against Debtor prior to Plan confirmation.

The narrow issue before the Court, therefore, is whether a lessee of Debtor's property is entitled to notice of a Chapter 11 Plan which contemplates rejection of the lease agreement, and thereby impliedly proposes that the lessee may choose to enforce a claim against Debtor's estate for damages arising by rejection. See 11 U.S.C. §§ 365(g) and (h), 502(g), and 1123(b)(2).

As a general rule, a "creditor" for purposes of the Bankruptcy Code may not allege a claim against a debtor's estate for postpetition debt. 11 U.S.C. § 101(9)(A); *In Re Nowak*, 17 B.R. 860, 8 B.C.D. 1099 (Bkrtcy.N.D.Ohio 1982). Postpetition rejection of a lease, however, is statutorily construed as constituting a breach giving rise to damages "immediately before the date of the filing of the petition." 11 U.S.C. §§ 365(g)(1) and (h)(1), and 502(g). A Chapter 11 plan which contemplates rejection of a lease, therefore by its own terms, proposes a constructive prepetition breach of the lease giving rise to the possibility of assertion of an unsecured prepetition claim for damages against a debtor's estate. 11 U.S.C. §§ 365(g)(1) and (h)(1), and 502(g); *In Re Marina Enterprises, Inc.*, 14 B.R. 327,

8 B.C.D. 59, 5 C.B.C.2d 434 (Bkrtcy.S.D.Fla. 1981).

■ 11 U.S.C. § 101(9) specifically defines the term, creditor, to include an "entity that has a claim against the estate of a kind specified in (11 U.S.C. § 502(g))." 11 U.S.C. § 502(g) provides that, "A claim arising from the rejection, . . . under a plan under Chapter 11 . . ., of . . . an unexpired lease of the debtor that has not been assumed shall be determined, and shall be allowed . . . or disallowed . . ., the same as if such claim had arisen before the date of the filing of the petition." Thus, although the actual act of rejection occurs at the moment of plan confirmation, if a claim for damages is asserted against the estate under 11 U.S.C. § 365(h)(1), that claim is constructively treated as that of a prepetition creditor. 11 U.S.C. §§ 365(g) and 502(g); *In re LaBonte*, 13 B.R. 887, 5 C.B.C.2d 181, B.L.D. ¶ 68,330 (Bkrtcy.D.Kansas 1981). It is the determination of this Court that notice of Chapter 11 proceedings should properly be given to any tenant in a debtor's property treated as a prepetition creditor by the terms of the plan, since, should the lessee choose to assert a claim against the estate under 11 U.S.C. § 365(h)(1), the protection of that claim through the Chapter 11 process may best be assured by notice and opportunity for hearing. Further, notice of rejection of a lease in Debtor's property is impliedly necessary to permit timely exercise of the resulting rights under 11 U.S.C. § 365(h).

## II

■ The question which remains is the appropriate remedy for Plaintiff under the facts of the case at bar. Given the lack of notice to Plaintiff, it is the opinion of the Court that Plaintiff has, by the instant Complaint filing, validly exercised its choice to remain in possession of its leasehold interest under 11 U.S.C. § 365(h). The Court notes that 11 U.S.C. § 365(h) does not require notification by the lessee of the choice of continued possession, and that the act of continued possession itself is sufficient to exercise such option. 11 U.S.C. § 365(h).

■ It is the opinion of the Court that failure to notify an individual creditor should rarely constitute grounds to set aside a confirmed plan. Absent a finding of fraud or compelling circumstances, (such as failure to notify a creditor with an impaired claim large enough to affect the outcome of the confirmation proceeding), the practical difficulty in the mailing of notices, sometimes numbering in the thousands, invites inadvertent oversight which, if deemed to constitute grounds for vacating a confirmed plan, would operate as an impediment in the judicial administration of all Chapter 11 proceedings. Note 11 U.S.C. § 1144. In the case at bar, Plaintiff, as an unsecured creditor, could not have affected the outcome of the bankruptcy proceeding since the Plan provides for larger payment to unsecured creditors than Plaintiff would have received had Debtor liquidated through 11 U.S.C. Chapter 7. Note 11 U.S.C. § 1129(7). The Rule enabling creditors to accept or reject a Chapter 11 plan " . . . does not confer a right to have acceptances counted of unaffected creditors. . . ." Advisory Committee Note to Bankruptcy Rule 10–305(a). In the case of a lessee of a debtor's property who chooses to remain in possession, there is no real impairment of the claim for damages arising by such rejection because such claim may not be asserted against the debtor's estate, but instead may only be asserted as an offset against future rents. 11 U.S.C. § 365(h)(2). In the case at bar, Plaintiff does not allege a claim against the estate arising prior to the act of rejection, (i.e. prior to the date of. plan confirmation), and since Plaintiff has chosen to remain in possession, Plaintiff has chosen not to assert a claim against Debtor's estate as would have been permitted by 11 U.S.C. § 502(g). In addition, the Court believes that it is highly doubtful that Plaintiff did not have actual notice of Debtor's bankruptcy proceeding in light of the changes in management procedures, tenants' rights, and all of the other ramifications of the operation under jurisdiction of the Court; and that Plaintiff accordingly could have independently ascertained its

leasehold rights, or inquired generally into the status of the proceeding as it concerned Plaintiff. 11 U.S.C. §§ 107 and 365(d)(2).

■ Most significantly, it is the opinion of the Court that Plaintiff has not alleged detrimental harm resulting from lack of notice. To the contrary, the Plan by its own terms proposes to accomplish essentially what the Complaint requests. Although Plaintiff, as a creditor dealt with by the Plan, does not have standing to propose plan modification, 11 U.S.C. § 1127(b), Plaintiff's prayer for "modification" was made to enable the Court " . . . to declare the lease between Debtor and Solon as validly existing and to allow Solon to remain in possession . . . under the terms of the original lease agreement. . . ." Plaintiff's ultimate request, therefore, was already accomplished by terms of the Plan, conformably to the Code's intention that a tenant in a debtor's property " . . . not be deprived of his estate for the term for which he bargained." House Report No. 95–595, 95th Cong., 1st Sess. 349 (1977); Senate Report No. 95–989, 95th Cong., 2d Sess. 60 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5846, 6306; cited in commentary to 11 U.S.C. § 365 in Collier's Pamphlet Edition of the Bankruptcy Code. In short, Chapter 11 protection of the interests of a tenant who chooses to remain in possession would be largely superfluous since Chapter 11 incorporates by reference the protections of 11 U.S.C. § 365. 11 U.S.C. § 1123(b)(2). The "claim" of a rejected tenant who remains in possession may thus be protected by exercise of the setoff option available in 11 U.S.C. § 365(h)(1) without the tenant's participation in the Chapter 11 process.

## III

■ This matter is presented to the Court for resolution of the extent of the Court's jurisdiction over a postconfirmation proceeding regarding rights arising under the Plan, but which concerns parties not otherwise before the Court, and property transferred out of the Debtor's estate. It is the determination of the Court that jurisdiction does lie over the matter as presented.

This Court has postconfirmation jurisdiction over any "necessary party . . . to perform any . . . act . . . that is necessary for the consummation of the plan." 11 U.S.C. § 1142(b). The Code indicates that "consummation" does not occur until the property rights created by the plan are transferred accordingly. 11 U.S.C. § 1101(2). It is the opinion of this Court that determination of the extent of the property interests to be transferred is prerequisite to determination whether such transfer has "substantially" occurred. 11 U.S.C. § 1101(2)(A).

■ Further, logic dictates that legal rights that attach during the confirmation process and that are measured by provisions within the Bankruptcy Code should properly be resolved by the Bankruptcy Court. The instant Complaint alleges that Hunter's act of eviction is alleged to be justified by terms of the Plan, and that such eviction is violative of the right to possession which attached under 11 U.S.C. § 365(h). If the issue were whether Plaintiff had breached the underlying lease agreement, this Court would not have jurisdiction, unless determined to be within the Court's ancillary jurisdiction, because such claim would constitute a state law claim between parties not otherwise before the Court, resolution of which would not be necessary for consummation of the Plan. 11 U.S.C. §§ 1101(2) and 1142. The Court also notes that had the matter been presented after plan confirmation for joint resolution of such state and federal issues, this Court would likely have abstained. See 28 U.S.C. § 1471(d), and *Northern Pipeline Construction Co. v. Marathon Pipe Line Co., et al.,* —— U.S. ——, 102 S.Ct. 2858, 73 L.Ed.2d 598, 9 B.C.D. 67, B.L.D. ¶ 80,781 (1982). It is alleged *instanter*, however, that Hunter interprets the rejection of the lease to constitute a nullification of the contract, and to permit eviction based upon the Plan itself without reference to the lease agreement. It is the opinion of the Court that the resulting claim alleging the right of continued possession involves the adjudication of federal bankruptcy law, and should be re-

solved properly within this Court's jurisdiction.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Plaintiff's request for Plan modification is *DENIED*.

IT IS FURTHER ORDERED that Defendant Hunter Savings Association serve upon Plaintiff's attorney an ANSWER to the Complaint ON OR BEFORE 20 DAYS FROM THE DATE OF RECEIPT, AND TO FILE THE ANSWER WITH THIS COURT, not later than the second business day thereafter, conformably with this Court's Summons and Notice of 12 April 1982.

IT IS FURTHER ORDERED AND NOTICE IS HEREBY given that a pretrial hearing on the Complaint shall be held in Conference Room 809, Federal Building, 200 West Second Street, Dayton, Ohio, on 23 August 1982 at 1:30 o'clock, P.M.