**In re S.F. CAMBRIDGE ASSOCIATES, Debtor.**

**Bankruptcy No. 90–30707.**

United States Bankruptcy Court, E.D. Tennessee.

Dec. 4, 1991.

[black redaction bar]

Frantz, McConnell & Seymour, Robert M. Bailey, Knoxville, Tenn., for debtor.

Bernstein, Stair & McAdams, Doris C. Allen, Knoxville, Tenn., for Solon Automated Services.

Richard A. Sedgley, Knoxville, Tenn., for G. Wendell Thomas, trustee.

## MEMORANDUM ON MOTION OF SOLON AUTOMATED SERVICES

RICHARD S. STAIR, Jr., Bankruptcy Judge.

The court has before it the motion of Solon Automated Services (Solon) filed July 16, 1991,[1] seeking revocation of an order entered August 16, 1990, confirming the debtor's Second Amended Plan Of Reorganization (Plan).[2] Both the debtor and G. Wendell Thomas, Trustee (Thomas), the entity who acquired the debtor's real property under the terms of the Plan, oppose the motion. The record consists of written Stipulations filed by the parties on September 20, 1991, and evidence introduced at a hearing held October 10, 1991.

This is a core proceeding. 28 U.S.C.A. § 157(b)(2)(A), (L) and (O) (West Supp. 1991).

### I

Solon and the debtor entered into a written Lease Agreement (Lease) on May 21, 1988. By the Lease, Solon, as lessee, leased sixty-two laundry rooms in the Woodlands West Apartments[3] (the apartment complex), owned by the debtor, as lessor. Solon installed its own coin-operated laundry equipment for use by residential tenants of the apartment complex. The Lease specified a term of seven years with automatic five year renewal periods.

The debtor filed a Chapter 11 petition on November 17, 1989, and its Plan was confirmed on August 16, 1990. The Plan was essentially a "liquidating plan" in that the debtor's primary asset, the apartment complex, was transferred pursuant to the Plan on October 8, 1990, by quit-claim deed to Thomas. Thomas, the trustee under a "wrap" deed of trust dated August 14, 1981, which encumbered the apartment complex at the time the debtor filed its Chapter 11 petition, in effect now represents the mortgagee-in-possession.

Article V of the Plan provides in material part:

[A]ll contracts which exist between Debtor and any individual or entity, whether such contracts be in writing or oral, which have not heretofore been rejected or heretofore been approved by orders of this court are hereby specifically rejected[.]

It is undisputed that the debtor failed to schedule Solon as a creditor in its bankruptcy case. The debtor also failed to list the Lease in a Statement Of Executory Contracts accompanying its petition.[4] Solon first obtained actual notice of the debtor's bankruptcy case when it was asked to remove its laundry equipment in 1991, after transfer of the apartment complex to Thomas.

Solon refused to vacate the laundry rooms, prompting Thomas to bring a de-

---

1. Solon's motion was erroneously entitled "Motion For Order Vacating Stay." The court will consider the substance of the motion rather than its title.

2. Fed.R.Bankr.P. 7001 specifies that a proceeding to revoke an order of confirmation of a Chapter 11 plan is an adversary proceeding. Regardless, the court will consider this matter in the context of a contested matter in the interest of judicial economy.

3. Woodlands West Apartments was formerly known as Westbridge Apartments. It is this real property the debtor conveyed under its Plan to Thomas.

4. The current Bankruptcy Rules, effective August 1, 1991, require debtors to file, *inter alia,* "a schedule of executory contracts and unexpired leases." Fed.R.Bankr.P. 1007(b)(1). The rules in effect at the time the debtor filed its bankruptcy petition required the filing of "a statement of executory contracts."

tainer action in the General Sessions Court for Knox County, Tennessee, seeking to remove Solon from possession. Thomas contends that, as a bona fide purchaser for value and because Solon failed to record the Lease, the Lease is null and void under Tennessee law as to him, and he is entitled to possession of the property free of the Lease.[5] In addition to attacking the validity of the August 16, 1990 confirmation order, Solon contends that Thomas had actual notice due to the presence of its laundry equipment and signs in each laundry room displaying Solon's name. The state court proceeding has been stayed by the state judge pending resolution of Solon's motion before this court.

To complicate matters, the debtor's transfer of the apartment complex to Thomas was potentially a breach of the Lease, which provides in material part:

> Lessor covenants and agrees that it will not transfer said premises without first informing the transferee of the existence of this Lease, and obtaining such transferee's written agreement to take said premises subject to all terms and conditions herein and abide by and assume all obligations arising herein on the part of the Lessor.

It is undisputed that the debtor failed to notify Thomas of the existence of the Lease or obtain Thomas' written agreement to acquire the property subject to the Lease.

## II

Solon's arguments are based on the debtor's failure to either disclose the Lease in its schedules or notify Solon of the pendency of its bankruptcy case so that it could have taken part in the confirmation process. Solon's ultimate goal is to remain in possession of the laundry rooms in the apartment complex despite the transfer of the property to Thomas. Solon first contends that the Plan, and hence the transfer to Thomas, is not binding upon it. Solon asks that the order confirming the Plan be revoked pursuant to 11 U.S.C.A. § 1144 (West 1979 & Supp.1991). Alternatively, Solon contends that the Plan is binding upon it, entitling it to remain in possession of the laundry rooms pursuant to 11 U.S.C.A. § 365(h) (West Supp.1991).

Thomas contends that he is in the position of a bona fide purchaser. He argues that, because Solon failed to record the Lease, he is entitled to possession of the laundry rooms. The debtor objects to Solon's motion only insofar as it seeks revocation of the order confirming the Chapter 11 plan.

## III

■ Solon asks the court to revoke the Order confirming the debtor's Plan pursuant to Bankruptcy Code § 1144. Revocation is not available under § 1144, which provides in material part:

> On request of a party in interest at any time before 180 days after the date of the entry of the order of confirmation, and after notice and a hearing, the court may revoke such order if and only if such order was procured by fraud.

11 U.S.C.A. § 1144 (West Supp.1991).

Revocation under § 1144 is only available for 180 days after confirmation of the plan. *See* Fed.R.Bankr.P. 9024;[6] 5 *Collier on*

---

5. Tenn.Code Ann. § 66–7–101 (1982) provides:

> Leases for more than three (3) years shall be in writing, and, to be valid against any person other than the lessor, his heirs and devisees, and persons having actual notice thereof, shall be proved and registered as provided in chapters 22 to 24, inclusive, of this title.

Likewise, Tenn.Code Ann. § 66–26–101 (1982) provides:

> All of the instruments mentioned in § 66–24–101 [including leases for terms longer than 3 years] shall have effect between the parties to the same, and their heirs and representatives, without registration; but as to other persons, not having actual notice of them, only from the noting thereof for registration on the books of the register, unless otherwise expressly provided.

Additionally, Tenn.Code Ann. § 66–26–103 (1982) provides in material part:

> Any of said instruments not so proved, or acknowledged and registered, or noted for registration, shall be null and void as to existing or subsequent creditors of, or bona fide purchasers from, the makers without notice.

6. Bankruptcy Rule 9024, entitled *Relief From Judgment On Order*, provides in material part

*Bankruptcy,* ¶ 1144.01 (15th ed.1991). The order confirming the debtor's Chapter 11 Plan was entered August 16, 1990. Solon's motion seeking revocation was filed July 16, 1991, more than 180 days after the confirmation order was entered. Further, a plan may be revoked pursuant to § 1144 only if its confirmation was procured by fraud. *See id.* Solon has not alleged any fraudulent conduct by the debtor or any party in interest. Revocation pursuant to § 1144 is not available in the instant proceeding.

## IV

■ The Supreme Court has repeatedly held that "[a]n elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950). The discharge of a claim without reasonable notice of the confirmation hearing violates the fifth amendment. *Reliable Elec. Co., Inc. v. Olson Const. Co.,* 726 F.2d 620 (10th Cir. 1984).

Solon was entitled to notice for two reasons. First, it was a potential creditor. If the Lease was formally rejected under the Plan pursuant to Code § 365, Solon could constructively hold a prepetition claim pursuant to Code §§ 365(g)(1)[7] and 502(g).[8] *Solon Automated Serv., Inc. v. Georgetown of Kettering, Ltd. (Matter of Georgetown of Kettering, Ltd.),* 22 B.R. 312 (Bankr.S.D.Ohio 1982). Second, Solon was

entitled to notice merely because the Plan purported to reject "all contracts ... which have not heretofore been rejected...." The Lease is such a contract.

However, Solon was harmed only indirectly by the lack of notice. By transferring the apartment complex to Thomas, the debtor did nothing it was not entitled to do outside of bankruptcy. Had the debtor sold the property to Thomas outside bankruptcy, Thomas would have taken the property subject to the Lease with Solon. The matter is complicated by Solon's failure to record the Lease in the manner required under Tennessee law. The failure to record has provided grounds upon which Thomas may challenge Solon's continued possession, provided Thomas is a bona fide purchaser.

The only harm caused by the debtor's failure to provide notice to Solon is that Thomas may now be in the position of a bona fide purchaser, whereas had the debtor properly scheduled the Lease and notified Solon, Thomas would have, in all probability, obtained actual notice of the Lease. Such actual notice would have destroyed Thomas' status as a bona fide purchaser and assured Solon of remaining in possession, albeit with Thomas as the lessor.

The court notes that, although the debtor failed to notify Solon of its bankruptcy case and failed to schedule the Lease in its bankruptcy petition, Solon is at least partially responsible for the position it is in. Had Solon recorded the Lease pursuant to Tennessee law, Thomas would be deemed to have constructive notice of the Lease, foreclosing any possibility of removing Solon from possession. Recording would

---

that "[R]ule 60 F.R.Civ.P. applies in cases under the Code except that ... (3) a complaint to revoke an order confirming a plan may be filed only within the time allowed by § 1144...."

**7.** Section 365(g) provides in material part:
 [T]he rejection of an executory contract or unexpired lease of the debtor constitutes a breach of such contract or lease—
 (1) if such contract or lease has not been assumed under this section or under a plan confirmed under chapter 9, 11, 12, or 13 of this title, immediately before the date of the filing of the petition[.]

11 U.S.C.A. § 365(g) (West Supp.1991).

**8.** Section 502(g) provides:
 A claim arising from the rejection, under section 365 of this title or under a plan under chapter 9, 11, 12 or 13 of this title, of an executory contract or unexpired lease of the debtor that has not been assumed shall be determined, and shall be allowed under subsection (a), (b) or (c) of this section or disallowed under subsection (d) or (e) of this section, the same as if such claim had arisen before the date of the filing of the petition.
11 U.S.C.A. § 502(g) (West Supp.1991).

have been an easy and inexpensive way for Solon to protect its rights. This is precisely the type of situation the recording statute is designed to prevent.

 It would be inappropriate to set aside confirmation of the Plan in this case. Generally, failure to notify a single creditor is not sufficient grounds to set aside a confirmed Plan. *Georgetown,* 22 B.R. at 317. This is especially true in this case. The Plan was confirmed and had been in effect for approximately eleven months when Solon filed its motion seeking revocation. By the time Solon filed its motion, the debtor had transferred the apartment complex to Thomas and the Plan had been substantially consummated. It is simply not feasible to revoke the order confirming the Plan. Therefore, the Plan, including the transfer of the apartment complex to Thomas, will stand as confirmed.

 However, because Solon was denied proper notice of the debtor's bankruptcy case, it is not bound by the terms of the Plan. *See In re Leading Edge Products, Inc.,* 120 B.R. 616 (Bankr.D.Mass.1990). This holding has two effects. First, the Lease is deemed not to be rejected pursuant to the Plan. Second, any prepetition claim by Solon against the debtor is nondischargeable. *Reliable Electric,* 726 F.2d at 623.[9] Solon argues that the Lease should be deemed rejected by the Plan, allowing it to remain in possession pursuant to Code § 365(h)(1). That argument ignores the ultimate effect of § 365(h)(1), which provides in material part:

> (h)(1) If the trustee rejects an unexpired lease of real property of the debtor under which the debtor is the lessor ... the lessee ... may treat such lease ... as terminated by such rejection, where the disaffirmance by the trustee amounts to such a breach as would entitle the lessee ... to treat such lease as terminated by virtue of its own terms, applicable nonbankruptcy law, or other agreements the lessee ... has made with other parties; or, in the alternative, the lessee ... may remain in possession of the

leasehold ... under any lease ... the term of which has commenced for the balance of such term and for any renewal or extension of such term *that is enforceable by such lessee ... under applicable nonbankruptcy law.*

11 U.S.C.A. § 365(h)(1) (West Supp.1991) (emphasis added).

Because § 365(h)(1) allows possession only to the extent available under applicable nonbankruptcy law, Thomas could still proceed with his state court action to remove Solon from possession. *See Matter of Riverside Village, Inc.,* 94 B.R. 750 (Bankr.M.D.Fla.1988). Solon will be in the same position whether or not the Lease was effectively rejected under the Plan.

Because the Plan is not binding on Solon, Thomas is free to pursue his attempts to remove Solon from possession of the laundry rooms of the apartment complex. Solon is likewise free to assert whatever defenses are available to it to defeat Thomas' action. This is not to say that Solon would be without a remedy against the debtor for damages it incurs if Thomas is successful. The debtor contracted under the Lease to notify any transferee of the existence of the Lease and to secure a written obligation to take the apartment complex subject to the Lease. The transfer of the apartment complex by the debtor to Thomas potentially constitutes a breach of the Lease by the debtor.

## V

 This court lacks subject matter jurisdiction to adjudicate the dispute over possession between Thomas and Solon. Bankruptcy judges may hear and finally determine bankruptcy cases, "core" proceedings, and "noncore" related proceedings (with the consent of the parties). 28 U.S.C.A. § 157 (West Supp.1991); *see generally Michigan Emp. Sec. Comm'n. v. Wolverine Radio Co., Inc. (In re Wolverine Radio),* 930 F.2d 1132, 1140–45 (6th Cir.1991), *petition for cert. filed* Sept. 3, 1991.

---

**9.** Dischargeability is not an issue in this case. The Plan, as confirmed, is a "liquidating plan."

As such, confirmation did not discharge the debtor. 11 U.S.C.A. § 1141(d)(3) (West 1979).

The dispute between Thomas and Solon can in no way be construed as core. It does not invoke a substantive right created by federal bankruptcy law and it clearly exists outside of bankruptcy. *See Wolverine* at 1144 (citing *Wood v. Wood (Matter of Wood)*, 825 F.2d 90, 91 (5th Cir.1987)). Neither is it related to the bankruptcy case. A proceeding is related to a bankruptcy case only if "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Wolverine* at 1142 (quoting *Pacor v. Higgins (In re Pacor, Inc.)*, 743 F.2d 984, 994 (3d Cir.1984) (citations and emphasis omitted)). The property involved in the dispute between Thomas and Solon is no longer property of the estate.[10] The outcome of the controversy does not impact upon the administration of the bankruptcy estate of the debtor. Thus, this court has no jurisdiction to decide the matter.

As to Solon's possible cause of action for breach of contract, such a cause of action is merely speculative at this time. Accordingly, the court emphasizes that it is making no findings regarding that issue. The court notes that, because the debtor's Plan calls for the ultimate liquidation of all the debtor's assets, Solon may have difficulty collecting any judgment from assets of the reorganized debtor. However, Solon's position may not be as bad as it appears. Because such an action would constitute a nondischargeable postpetition claim, and because the debtor is a partnership, Solon may assert any breach of contract claim against the debtor's general partners.

### VI

In conclusion, the August 16, 1990 order confirming the debtor's Plan will remain intact. Due to a lack of timeliness and absence of alleged fraud, revocation of the order of confirmation under § 1144 is not permissible. Thomas is free to pursue his state court detainer action seeking possession of the laundry rooms in the apartment complex.

This Memorandum constitutes findings of fact and conclusions of law as required by Fed.R.Bankr.P. 7052. An appropriate order will be entered.

### ORDER

For the reasons set forth in the "Memorandum On Motion Of Solon Automated Services" filed this date, the court directs that the "Motion For Order Vacating Stay" [sic] filed by Solon Automated Services on July 16, 1991, is DENIED.

SO ORDERED.

---

10. Code § 1141(b) provides that "[e]xcept as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor." 11 U.S.C.A. § 1141(b) (West 1979).