In the Matter of Ward Clayton
ARGUST, Cheryl Darlene
Argust, Debtors.

PARK VIEW FEDERAL SAVINGS
AND LOAN ASSOCIATION,
Plaintiff,

v.

Ward Clayton ARGUST, Cheryl Darlene
Argust, Defendants.

Bankruptcy No. 686–00398.
Adv. No. 688–0107.

United States Bankruptcy Court,
N.D. Ohio.

Feb. 1, 1989.

Thomas P. Marotta, Esq. of Gruber, Moriarty, Fricke & Jaros, Cleveland, Ohio, for plaintiff.

John A. Schwemler, Esq. of Brouse & McDowell, Akron, Ohio, for defendants.

MEMORANDUM OF DECISION

JAMES H. WILLIAMS, Chief Judge.

Presented are two motions for summary judgment filed by Ward Clayton Argust and Cheryl Darlene Argust (Defendants). Park View Federal Savings and Loan Association (Park View) filed a complaint objecting to the discharge of Defendants and also seeking judgment against them in the amount of $116,033.24 plus interest. Defendants answered separately denying the essential allegations of the complaint and setting forth various affirmative defenses.

FACTS

On March 28, 1986, Defendants filed for relief under Chapter 11 of Title 11 of the United States Code. Park View was listed as an unsecured creditor on the A–3 schedules of Ward Clayton Argust.[1] On July 7, 1986, Park View filed a proof of claim as a secured creditor in the amount of $230,-445.70.

On May 22, 1987, Defendants filed separate plans of reorganization which proposed to liquidate their assets to pay creditors. Proper notice was given to all creditors and other parties in interest pursuant to Bankruptcy Rule 2002(b) with the hearing on confirmation for Defendants' plans of reorganization being held on October 7, 1987. Orders confirming Defendants' plans of reorganization were entered by the court on December 14, 1987.

On February 26, 1988, Defendants filed an objection to the claim of Park View. Thereafter, on July 12, 1988, Park View amended its claim by reducing it to $116,-033.24. A hearing was scheduled for September 12, 1988 on Defendants' objection but was canceled when the court was informed by Defendants' counsel that the matter had been resolved with Park View

---

1. The claim is scheduled as a joint obligation of Ward Clayton Argust and Rich–Morrow Realty Co., Inc., a debtor before this court, in case No. 686–00242. The debt is secured by the property of Rich–Morrow Realty Co., Inc.

having an allowed unsecured claim in the amount of $82,092.53.[2]

During the pendency of Defendants' objection, on August 19, 1988, Park View filed its complaint objecting to the discharge of Defendants.[3]

## DISCUSSION

■ Defendants have set forth various grounds for summary judgment. Upon review of the motions, Park View's response and the facts, the court finds that the complaint of Park View was untimely filed.

Bankruptcy Rule 4004(a) provides:

Time for Filing Complaint Objecting to Discharge; Notice of Time Fixed. In a chapter 7 liquidation case a complaint objecting to the debtor's discharge under § 727(a) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a). *In a chapter 11 reorganization case, such complaint shall be filed not later than the first date set for the hearing on confirmation. Not less than 25 days notice of the time so fixed shall be given to all creditors as provided in Rule 2002(f), and to the trustee and the trustee's attorney.* (Emphasis added).

Park View filed its complaint on August 19, 1988. Pursuant to Bankruptcy Rule 4004(a), *supra*, however, the time for filing such complaint expired on October 7, 1987.

As for the possibility of enlarging the time to file a complaint objecting to the discharge, Bankruptcy Rule 4004(b) provides that "the court may extend for cause the time for filing a complaint objecting to discharge. *The motion shall be made before such time has expired."* (Emphasis added)

Even, if Park View had sought an extension of time within which to file its complaint, such an extension would have been denied in that such a motion should have been filed before October 7, 1987.

The court cannot ignore the clear language of Bankruptcy Rule 4004. As the court in *In re Lane,* 37 B.R. 410, 414 (Bankr.E.D.Va.1984) stated:

It would be an abuse of this court's discretion to reach any conclusion other than a requirement that a motion be filed prior to the expiration of the time limitations set out in Rule [ ] 4004(a) .... In fact, the court has no discretion in this matter. Such lack of discretion may be unfortunate because often excusable neglect does exist. If the Rules were inconsistent with the Code, this court would be privileged to determine the Rules unenforceable because of and to the extent of any inconsistencies with a statute. However, the recently adopted Rules of Bankruptcy Procedure that are in question here merely supplement the pertinent provisions of the Bankruptcy Code and are not in contravention with anything contained therein. (Citations omitted).

■ Finally, even if the court were to consider Park View's complaint as an attempt to revoke Defendant's discharge, 11 U.S.C. § 1144 commands that such action be commenced within 180 days after the entry of the order of confirmation.[4]

In the instant proceeding, the 180 day time requirement to revoke the order of confirmation and Defendants' discharge expired on June 11, 1988. As noted earlier, Park View did not file its complaint until August 19, 1988, approximately two

---

2. As of this writing no formal order has been presented to the court to reflect this resolution.

3. Park View's complaint was amended on September 8, 1988, pursuant to this court's order of August 23, 1988, setting forth that the instant adversary proceeding is a core proceeding. *See,* Bankruptcy Rule 7008(a).

4. **§ 1144. Revocation of an order of confirmation.**

On request of a party in interest at any time before 180 days after the date of the entry of the order of confirmation, and after notice and a hearing, the court may revoke such order if and only if such order was procured by fraud. An order under this section revoking an order of confirmation shall—

(1) contain such provisions as are necessary to protect any entity acquiring rights in good faith reliance on the order of confirmation; and

(2) revoke the discharge of the debtor.

months after the time limitation imposed by Section 1144.

The Bankruptcy Rules provide that the time requirement of Section 1144 cannot be enlarged. *See,* Bankruptcy Rules 9006(b)(2); 9024. As the court in *In re Emmer Bros. Company,* 52 B.R. 385, 391 (D.Ct.Minn.1985) stated:

> Courts have consistently held that the explicit requirements of section 1144 must be adhered to. The six month statute of limitations provided for in section 1144 and in predecessor or analogous statutes has been strictly enforced even in those cases where the alleged fraud of the debtor is not discovered until after the limitations period. (Citations omitted).

In support of its position, Park View cites to 11 U.S.C. § 727(d)(1) which provides:

> On request of the trustee, a creditor, or the United States trustee, and after notice and a hearing, the court shall revoke a discharge granted under subsection (a) of this section if—
>
> (1) such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge.

Section 727(e)(1) establishes a time requirement of one year for a party to request the revocation of a discharge under subsection (d)(1).

Park View's argument is flawed, however, in that Section 1144 controls bankruptcy petitions filed pursuant to Chapter 11 of Title 11 of the United States Code. As 11 U.S.C. § 103(b) specifically provides, "[s]ubchapters I and II of Chapter 7 of this title apply only in a case under such chapter." Section 727 is in subchapter II of Chapter 7 and accordingly, the time requirement established by this section is inapplicable to the case at bar.

An order in accordance herewith shall issue.