In re H. Frank DOMINGUEZ, Debtor.

H. Frank DOMINGUEZ, Appellant,

v.

David D. MILLER; Denyse
M. Miller, Appellees.

No. 93–56020.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 8, 1995.

Decided April 18, 1995.

Norman L. Hanover, Hanover & Schnitzer, and J. Raymond Kelley, San Bernardino, CA, for debtor-appellant.

David Gould, McDermott, Will & Emery, Los Angeles, CA, David M. Stern, Stern, Neubauer, Greenwald & Pauly, Santa Monica, CA, for appellees.

Before: BROWNING, D.W. NELSON, and HAWKINS, Circuit Judges.

D.W. NELSON, Circuit Judge:

Debtor/Appellant Frank H. Dominguez appeals a bankruptcy appellate panel's reversal of a bankruptcy court's dismissal, for failure to meet the limitation requirement of Fed. R.Bankr.P. 4004(a),[1] of Creditors/Appellees David and Denyse Millers' complaint objecting to discharge of Dominguez' debt. We affirm the bankruptcy appellate panel's decision.

## FACTUAL AND PROCEDURAL BACKGROUND

Dominguez filed a Chapter 11 bankruptcy petition on January 22, 1988. The Millers, who held claims in excess of $5 million against the estate, were active in the bankruptcy proceedings from the beginning. The court initially confirmed a non-liquidating Debtor's Plan and disclosure statement on February 7, 1990; but the trustee filed a liquidating Trustee's Plan, before the Debtor's Plan had become effective, that proposed to discharge all debts not explicitly excepted under the plan.

On September 10, 1991, two days prior to the scheduled confirmation hearing on the Trustee's Plan, the Millers filed a "Memorandum Re: Relationship between Order Confirming Trustee's Plan and Debtor's Discharge" (the "Discharge Memorandum"), in which they contended that section 1141(d)(3) prohibited the confirmation of the Trustee's Plan from discharging the debt to the Millers because the situation satisfied the three statutory conditions for nondischargeability—liquidation, suspension of business, and applicability of section 727(a). The Millers chose not to file a formal complaint objecting to the discharge of the debt, because their attorney took the position that satisfaction of the statutory requirements of section 1141(d)(3) prohibited discharge of the debts as a matter of

law, whether or not a complaint objecting to discharge had been filed within the procedural requirements of Rule 4004.

At the confirmation hearing, the court confirmed the Trustee's Plan and voided the confirmation of the Debtor's Plan. The court deferred decision on the Millers' memorandum on the legal effect of the confirmation order by requiring the Millers to submit their argument as a declaratory judgment action. The court noted that the contemplated process would not waive Dominguez' rights or defenses. In particular, the court suggested that Rule 4004(a) established a procedural bar to the Millers' objection to discharge because they had not filed a complaint to commence an adversary action prior to the confirmation hearing.

In a declaratory judgment action, the Millers claimed that 1) the Code section is self-executing, or 2) the confirmation order allowing a declaratory judgment complaint to be filed was, in effect, an extension of the Rule 4004(a) limitation period for filing a complaint objecting to discharge, or 3) the declaratory judgment complaint was an amendment that related back, under Rule 7015, to the Discharge Memorandum, which was itself an informal complaint timely filed before the bar date. In defense, Dominguez argued that there was no extension of the bar date and that the Discharge Memorandum did not constitute a pleading to initiate an adversary proceeding; therefore, failure to dismiss the claim would allow the Millers to circumvent a procedural default that resulted from their chosen litigation strategy. The bankruptcy court found against the Millers on each claim and dismissed their complaint for failure to state a claim upon which relief could be granted.

On appeal, the bankruptcy appellate panel (the "BAP") affirmed the bankruptcy court's rulings that a timely complaint was necessary to effectuate section 1141(d)(3)'s prohibition of discharge and that the court's permission of a declaratory judgment complaint was not an extension of the time to initiate an

---

**1.** Unless otherwise noted, all references to "chapter," "Code," or "section" are to the Bankruptcy Code, 11 U.S.C. § 101–1330, and all ref-erences to "Rule" are to the Federal Rules of Bankruptcy Procedure 1001–9035.

adversary proceeding objecting to discharge. However, the BAP reversed the bankruptcy court's ruling that the Discharge Memorandum was insufficient to satisfy the requirement of a complaint to which the declaratory judgment complaint related back. The BAP found the Discharge Memorandum sufficient because it challenged Dominguez' right to a discharge and provided appropriate allegations and at least some substantive evidence to support the challenge. Because the Discharge Memorandum was filed prior to the September 12, 1991 confirmation hearing, the BAP found no lack of notice to Dominguez. The BAP also determined that there was an equitable basis for allowing the claim to go forward because the October 1, 1991 confirmation order was "not entirely clear."

### STANDARD OF REVIEW

We review de novo the dismissal of a complaint under Fed.R.Civ.P. 12(b)(6). *Alonzo v. ACF Property Management, Inc.,* 643 F.2d 578, 579 (9th Cir.1981). "Because this court is in as good a position as the [BAP] to review the decision of the bankruptcy court, this court reviews the bankruptcy court's decision independently." *Allred v. Kennerley (In re Kennerley),* 995 F.2d 145, 146 (9th Cir.1993). The bankruptcy court's conclusions of law are reviewed de novo, and its findings of fact are reviewed under the clearly erroneous standard. *Id.*

### DISCUSSION

#### I. *Jurisdiction*

As a threshold issue, this court must consider sua sponte whether it has jurisdiction over this appeal. Under 28 U.S.C. § 158(d),[2] jurisdiction exists when the bankruptcy court order and the lower appellate decision are both final orders. *See, e.g., Ernst & Young v. Matsumoto (In re United Insurance Management, Inc.),* 14 F.3d 1380, 1383 (9th Cir.1994); 28 U.S.C. § 158(d). "In bankruptcy proceedings, the rules of finality developed under the general grant of appellate jurisdiction provided in 28 U.S.C. § 1291 (1982) are given a flexible reading." *Turgeon v. Victoria Station, Inc. (In re Victoria Station, Inc.),* 840 F.2d 682, 683 (9th Cir. 1988). This more liberal standard and "pragmatic approach" stem from the "unique nature" of bankruptcy proceedings. *Bonner Mall Partnership v. U.S. Bancorp Mortgage Co. (In re Bonner Mall Partnership),* 2 F.3d 899, 903 (9th Cir.1993), *cert. dismissed,* —— U.S. ——, 114 S.Ct. 681, 126 L.Ed.2d 648 (1994).

The bankruptcy court's dismissal of the Millers' declaratory judgment action is final and appealable: it terminated all possibility of litigation on the merits of the Millers' objection to discharge. *E.g., Zolg v. Kelly (In re Kelly),* 841 F.2d 908, 911 (9th Cir.1988). The question then is whether a BAP's order reversing the bankruptcy court's dismissal is final and appealable under 28 U.S.C. § 158(d).

The effect of the BAP's decision is to remand to reopen proceedings in the bankruptcy court for a determination on the merits of the Millers' claim that the debt is nondischargeable. When a lower appellate decision reverses a final order and remands, we consider the "systemic interest in preserving the bankruptcy court's role as the finder of fact," avoidance of piecemeal litigation, and overall enhancement of judicial efficiency. *Bonner,* 2 F.3d at 904; *see also Vylene Enterprises, Inc. v. Naugles, Inc. (In re Vylene Enterprises, Inc.),* 968 F.2d 887, 895 (9th Cir.1992). Although we ordinarily lack jurisdiction when the lower appellate decision remands for further factual findings related to a central issue raised on appeal, we may assert jurisdiction if the appellate "issue is *legal* in nature and its resolution either 1) could dispose of the case or pro-

---

**2.** 28 U.S.C. § 158(d) is not the exclusive source of appellate jurisdiction over bankruptcy cases because circuit courts may hear interlocutory bankruptcy appeals from district courts acting in appellate capacity under 28 U.S.C. § 1292(b). *Connecticut Nat'l Bank v. Germain,* 503 U.S. 249, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992) (addressing a split among the circuits regarding applica-

bility of section 1292(b) to bankruptcy jurisdiction). However, interlocutory review is not available under section 1292(b) for appeals from a bankruptcy appellate panel. *Vylene Enterprises, Inc. v. Naugles, Inc. (In re Vylene Enterprises, Inc.),* 968 F.2d 887, 890 n. 4 (9th Cir.1992); 28 U.S.C. § 1292(b) (restricting jurisdiction by its terms to appeals from district courts).

ceeding and obviate the need for factfinding; or 2) would materially aid the bankruptcy court in reaching its disposition on remand." *Bonner*, 2 F.3d at 904 (citing *King v. Stanton (In re Stanton)*, 766 F.2d 1283, 1288 n. 8 (9th Cir.1985) and *Farm Credit Bank v. Fowler (In re Fowler)*, 903 F.2d 694, 696 (9th Cir. 1990)).

The *Bonner* provision for review of legal questions that may obviate the need for further factual proceedings is applicable in this case. If we uphold the bankruptcy court's ruling that a complaint is necessary within the time period established by Rule 4004 and reinstate its legal conclusion that the memorandum asserting the self-executing character of 11 U.S.C. § 1141(d)(3) cannot be interpreted as an informal complaint objecting to the discharge of Dominguez' debt, then no further factual proceedings will be necessary, and the Millers will have no relief from the confirmation of the Trustee's Plan. Therefore, we have jurisdiction to review this appeal pursuant to 28 U.S.C. § 158(d).

## II. *Applicability of Rule 4004(a)*

Section 1141(d)(3) establishes the criteria for an exception to the usual rule that confirmation of a reorganization plan discharges a chapter 11 debtor's obligations, incorporating by reference the requirements of section 727(a). § 1141(d)(3).[3] The BAP affirmed the bankruptcy court's decision that the procedural rules validly implement this provision by providing for an adversary proceeding, Rule 7001(4), which must be commenced by the filing of a complaint objecting to the individual chapter 11 debtor's discharge, Rule 7003, "not later than the first date set for the hearing on confirmation," Rule 4004(a). Extensions require a noticed motion filed prior to the expiration of the time for filing the complaint. Rule 4004(b).

■ Persuasive arguments support applicability of the complaint requirement and the associated limitation period. First, the bankruptcy rules are properly promulgated procedural rules, *Jones v. Hill (In re Hill)*, 811 F.2d 484, 487 (9th Cir.1987), which are presumptively valid if they are not inconsistent with the statute, *see, e.g.*, H.R.Rep. No. 595, 95th Cong., 1st Sess. 449 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5787, 6405. Because the statute is silent regarding the necessity of filing a complaint to effectuate a bar to discharge, the complaint rule "merely supplement[s] the pertinent provisions." *Bradco Supply Corp. v. Lane (In re Lane)*, 37 B.R. 410, 414 (Bankr.E.D.Va.1984).

■ Second, the language of the provision viewed in the context of the Code supports application of the complaint requirement. Section 1141(d)(3) requires a determination that the debtor would be denied a discharge under section 727(a) if the case were a chapter 7 case. Although the chapter 11 provision does not include an explicit statement, like that in section 727(c), that a party may object to discharge, its language is otherwise similar to the language of the chapter 7 provision, which requires initiation of an adverse action against individual debtors. Because a chapter 7 case requires an adversary proceeding to determine whether the statutory conditions apply, such an adversary proceeding is reasonable in the similar chapter 11 situation. *See, e.g., In re Mercado*, 124 B.R. 799, 800 (Bankr.C.D.Cal. 1991) (noting initiation of an adversary action prior to confirmation).

Third, the requirement of a complaint as the procedural mechanism to bring the issue to the bankruptcy court furthers the bankruptcy rehabilitative policy by providing closure if objections are not raised within the limitation period. *See Mercado*, 124 B.R. at 803 (noting the "goal in bankruptcy of giving debtors a 'fresh start' ").

■ Finally, persuasive precedent from other jurisdictions holds that Rule 4004(a) applies in the chapter 11 context. *See, e.g., Salisbury v. Moussa (In re Moussa)*, 95 B.R. 449, 450 (Bankr.N.D.Tex.1989);

---

**3.** The text in relevant part is as follows:
The confirmation of a plan does not discharge a debtor if (A) the plan provides for the liquidation of all or substantially all of the property of the estate; (B) the debtor does not engage in business after consummation of the plan; and (C) the debtor would be denied a discharge under section 727(a) of this title if the case were a case under chapter 7 of this title.
11 U.S.C. § 1141(d)(3).

*Park View Fed. Sav. & Loan Ass'n v. Argust (In re Argust)*, 100 B.R. 896, 897 (Bankr. N.D.Ohio 1989).[4] The cases cited by the Millers to support automatic nondischargeability without the necessity of filing a complaint are not on point because they involve liquidating corporations or partnerships or arise in different procedural postures than the case at bar. *E.g., In re Wood Family Interests, Ltd.*, 135 B.R. 407, 408 (Bankr. D.Colo.1989) (limited partnership debtor); *In re S.F. Cambridge Associates*, 135 B.R. 529, 531 (Bankr.E.D.Tenn.1991) (section 1144 revocation for lack of notice); *Teamsters Pension Trust Fund v. Malone Realty Co.*, 82 B.R. 346, 349 (E.D.Pa.1988) (corporate debtor). The bankruptcy code permits broader discharges in bankruptcy to corporations: confirmation of a plan discharges a corporation of all its debts—even those that involve willful torts that would not be exempted for an individual debtor—unless it is a liquidating plan. *See Ackles v. A.H. Robins Co. (In re A.H. Robins Co.)*, 59 B.R. 99, 101 (Bankr. E.D.Va.1986), *aff'd*, 828 F.2d 1029 (4th Cir. 1987). Liquidating corporations, however, are automatically precluded from discharge. *Id.* at 102 n. 3. Liquidating individuals are subject to denial of discharge if they have committed willful acts that support denial of discharge. *See* 11 U.S.C. § 727(a)(2)–(7). Thus, the requirement of a complaint initiating an adversary proceeding prior to the confirmation order ensures that the individual debtor receives adequate notice to prepare a defense to those charges and that the estate creditors and trustees are advised of potential claims remaining against the estate upon confirmation of a plan.

Therefore, we hold that section 1141(d)(3) is not self-executing for individual debtors;

instead, it requires the timely filing of a complaint to initiate an adverse action. Accordingly, we affirm the BAP's affirmance of the bankruptcy court on this issue and turn to address the question whether the Discharge Memorandum may be construed as a complaint to which the later declaratory judgment action relates back.

## III. *Substantial Compliance*

### A. *Standard of Review*

▮▮▮▮ We first consider the bankruptcy court's finding that the discharge memorandum was a deficient pleading that did not satisfy Fed.R.Civ.P. 8(a) ("Rule 8(a)"), which applies to adversary proceedings in bankruptcy pursuant to Rule 7008(a). Our cases apparently have reviewed such questions de novo without stating explicitly the standard of review for applications of Rule 7008(a). *See, e.g., Classic Auto Refinishing v. Marino (In re Marino)*, 37 F.3d 1354, 1356–57 (9th Cir.1994); *Kennerley*, 995 F.2d at 146–47; *see also Jones v. Community Redevelopment Agency of City of Los Angeles*, 733 F.2d 646, 649 (9th Cir.1984) (independently assessing the sufficiency of a complaint under Rule 8(a), in review of a 12(b)(6) dismissal). In the bankruptcy context, we construe a deficient pleading liberally, if the pleading substantially complies with the requirements of a complaint by giving the debtor "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Marino*, 37 F.3d at 1357 (affirming a BAP dismissal primarily because the document alleged to serve the function of a complaint did not demand a judgment of nondischargeability) (citing *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 102–03, 2 L.Ed.2d 80 (1957)).[5]

---

**4.** The Millers' reliance on a section in the *Argust* opinion in which the court considered in the alternative whether the complaint met the requirements for a claim for revocation under section 1144, rather than for a determination of discharge under section 1141, is unfounded. The court noted that the revocation bar date for section 727(d) does not apply to section 1144, which has its own (shorter) limitation period. *Id.* at 898. Because revocation of discharge under section 1144 is an entirely different mechanism from the denial of discharge at confirmation of the plan provided in section 1141(d)(3), there is no reason to incorporate chapter 7 revo-

cation procedural requirements into section 1141(d)(3). *Compare* §§ 727(d) & 1144 (revocation of discharge) *with* §§ 727(c) & 1141(d)(3) (denial of discharge).

**5.** In a slightly different context, we have held that the abuse of discretion standard applies to review of involuntary dismissals, pursuant to Fed.R.Civ.P. 41(b), that are based on deficiencies in the pleading under Fed.R.Civ.P. 8(a). *See Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 673 (9th Cir.1981). Even under an abuse of discretion standard, the district court's decision is reversible if it is based upon incorrect legal

## B. *Sufficiency of the Pleading*

Rule 8 establishes the general pleading requirement of a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). The bankruptcy rule also requires a reference to the Code section to which the adversary proceeding relates. Rule 7008(a).

In a recent case, we held that notice of the nature of the relief claimed is the primary criterion in determining whether a deficient pleading constitutes a complaint under Rule 7008. *Marino*, 37 F.3d at 1357–58. The creditor had filed an "Opposition to Sale" of a debtor's assets. The BAP refused to construe the document as a timely though defective complaint to which a formal complaint could relate back because it did not put the debtors on notice that the creditor was objecting to their discharge. *Classic Auto Refinishing, Inc. v. Marino (In re Marino)*, 143 B.R. 728, 732 (9th Cir. BAP 1992). In so doing, the BAP declined to follow precedent from another circuit in which deficient documents were construed as complaints even though they were not served on the adverse party. *See id.* at 731–32 (discussing *In re Levine*, 132 B.R. 464 (Bankr.M.D.Fla.1991)). Although the BAP also noted that liberal recognition of deficient pleadings might "open up a Pandora's Box of claims that various documents filed during a bankruptcy case should be treated as pleadings," *id.*, we based our affirmance on the necessity of providing adequate notice to the debtor of the nature of the claims and the relief requested, *Marino*, 37 F.3d at 1357–58.

▮▮▮ Here, Dominguez received timely notice that the Millers were contesting his right to discharge under section 1141(d)(3). The Discharge Memorandum urged the bankruptcy court to address the extent to which the confirmation order should discharge Dominguez' debts. The memorandum cited the statutory criteria upon which the Millers relied in making their claim of nondischargeability, and it referenced specific sections of the examiner's report as sup-

port for their allegations that the criteria had been satisfied. It stated the Millers' claim for relief, in that it claimed that the confirmation order could not discharge Dominguez' debts under the law. Thus, we agree with the BAP that the facts here are distinguishable from the facts in *Marino*, where we found that the document failed to put the debtor on notice of the claim for relief.

We are also persuaded by decisions in other bankruptcy courts that have found technical details insufficient to prevent a party's deficient pleading from serving as a complaint. *See, e.g., Pfeiffer v. Rand (In re Rand)*, 144 B.R. 253, 255–56 (Bankr.S.D.N.Y. 1992) (finding that a creditor's pro se complaint, which consisted of a letter to the judge objecting to dischargeability, timely commenced an adversary proceeding because it met the notice pleading requirements); *Evans v. Pace (In re Pace)*, 130 B.R. 338, 340 (Bankr.N.D.Fla.1991) (accepting a document captioned "objection" rather than "complaint," which the creditor filed with the court clerk as a complaint on the last day for filing complaints). Finally, the fact that two of the three bankruptcy judges who decided *Marino* also served on this panel is significant, because we defer to their judgment on the "floodgate" concerns raised in the *Marino* BAP decision.

Therefore, we conclude that the Discharge Memorandum, although a deficient pleading, is sufficient to place the debtor on notice of the claim against him and substantially complies with the notice pleading requirements of Rule 7008.

## IV. *Relation Back*

### A. *Standard of Review*

▮▮▮ We review de novo a Rule 15(c)(2) relation-back decision that permits or denies amendment to add a new claim against a defendant named in the original pleading. *See Percy v. San Francisco General Hosp.*, 841 F.2d 975, 978 (9th Cir.1988); *see also Martell v. Trilogy Ltd.*, 872 F.2d

conclusions. *See SEC v. Carter Hawley Hale Stores, Inc.*, 760 F.2d 945, 947 (9th Cir.1985). Because the question whether a complaint provides sufficient information to satisfy the notice

pleading requirements is essentially a question of law, we review that aspect of the Rule 8(a) question de novo.

322, 325 (9th Cir.1989). We permit relation-back if the new claim arises from the same "conduct, transaction, or occurrence" as the original claim. *Percy,* 841 F.2d at 978. We will find such a link when "the claim to be added will likely be proved by the 'same kind of evidence' offered in support of the original pleading." *Id.* (quoting *Rural Fire Protection Co. v. Hepp,* 366 F.2d 355, 362 (9th Cir.1966)).

### B. *Consideration of the Relation Back Doctrine*

■■■■ Dominguez argues, however, that the court should not allow the declaratory judgment complaint to relate back to the Discharge Memorandum. First, he relies on the importance of strict adherence to the bar date [6] in the procedural rules to support the Code's goal of protecting debtors by allowing them to get on with their lives after bankruptcy. *See, e.g., Schunck v. Santos (In re Santos),* 112 B.R. 1001, 1006 (9th Cir. BAP 1990) (finding that time limits serve "the 'fresh start' goals of bankruptcy relief [which allow] a debtor to enjoy finality and certainty in relief from financial distress as quickly as possible") (citations omitted); *Sam Michael Schreiber, M.D., Inc. v. Halstead (In re Halstead),* 158 B.R. 485, 487 (9th Cir. BAP 1993) (noting that the Ninth Circuit strictly construes the bar date rules, but allowing equitable tolling when the court misleads creditors by citing an erroneous bar date).

Acceptance of this argument in this context would elevate form over substance and defeat the explicit purpose of the relation back doctrine for amendments to complaints. The allegations and type of evidence necessary to succeed in an adverse action based on section 1141(d)(3) are identical to those raised in the Millers' original Discharge Memorandum. Dominguez cannot claim surprise that the declaratory judgment complaint seeks a judgment disallowing discharge of his debt, nor can he claim that the evidentiary issues are different from those

indicated in the Discharge Memorandum. Dominguez could not depend on the confirmation order as the final step in his bankruptcy, because the judge specifically withheld decision on legal issues raised by the Discharge Memorandum. Thus, Dominguez had every reason to marshal evidence to defend against the Millers' subsequently filed adverse action.

■■■ Second, Dominguez claims that the Millers' strategic decision not to initiate an adversary proceeding, which they carried out by stipulating at trial that their memorandum was not an objection to the confirmation plan and that it was not intended as a complaint, constitutes a ground for finding that their complaint cannot relate back to their Discharge Memorandum. Although we do not condone the conscious choice of the Millers' attorney to rely on his interpretation of the law rather than protect his clients by filing a complaint, it would serve no purpose to punish the Millers for their lawyer's unwarranted confidence in his strategy. The rules set deadlines, but they also provide that deficient pleadings may suffice if appropriately amended. In this case, the Discharge Memorandum suffices as a complaint, and the relation back doctrine is clearly applicable. Because Dominguez has not relied to his detriment on the Millers' contention that the Discharge Memorandum did not constitute a complaint initiating an adverse action, the Millers cannot be equitably estopped from now arguing that it should be so considered.

Accordingly, we affirm the BAP's reversal of the bankruptcy court on this issue.

### *CONCLUSION*

We hold, therefore, that a complaint is necessary to object to dischargeability of an individual debtor under section 1141(d)(3). We agree with the BAP that the Millers' Discharge Memorandum, though deficient, satisfies the requirement under Rule 4004(a)

---

**6.** Dominguez also argues that the original bar date, based on the Debtor's Plan rather than the Trustee's Plan, should apply. The Trustee's Plan, however, was the first liquidating plan to which the provisions of section 1141(d)(3) could have applied, so the bankruptcy court's ruling that the

confirmation hearing on the Trustee's Plan was the bar date is correct. Equity does not support imposing an earlier date on the creditors, who could not have known that they would have a claim under section 1141(d)(3) until the Trustee's Plan replaced the Debtor's Plan.

for a timely complaint and that the later-filed declaratory judgment complaint relates back to that complaint. Because these rulings conclusively determine this case, we do not address any other issues. Accordingly, we affirm the BAP's reversal of the bankruptcy court's decision and remand to the BAP for remand to the bankruptcy court for further proceedings in accordance with this opinion.

**AFFIRMED.**