76 F.3d 387
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Michael G. LINEHAN and Geraldine M. Linehan, Debtors.
Michael G. LINEHAN and Geraldine M. Linehan, husband and
wife, Appellants,
v.
CITICORP MORTGAGE, INC., Appellee.
 No. 95-15603.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 11, 1996.*
Decided Jan. 25, 1996.
 
 Before: CHOY, SKOPIL, FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Chapter 13 debtors Michael and Geraldine Linehan appeal the district court's affirmance of an interlocutory bankruptcy court order denying them punitive damages under 11 U.S.C. § 362(h). Although neither party questions our jurisdiction, we raise it sua sponte. Dominguez v. Miller (In re Dominguez), 51 F.3d 1502, 1506 (9th Cir.1995). Because the district court did not render a final order, we dismiss the Linehans' appeal for lack of jurisdiction.
 
 
 3
 This court has jurisdiction under 28 U.S.C. § 158(d) to review appeals arising from final decisions, judgments, orders, and decrees of a district court's review of a bankruptcy court's decision. See Security Pacific Bank v. Steinberg (In re Westwood Shake & Shingle, Inc.), 971 F.2d 387, 389 (9th Cir.1992). Although the district court reviewed the bankruptcy court's interlocutory order, we "do not have discretion to hear interlocutory appeals under section 158(d)." Id. The district court's affirmance of the bankruptcy court's interlocutory order is not a final order. See id. at 389. Accordingly, we lack jurisdiction to review this appeal under section 158(d).
 
 
 4
 We also lack jurisdiction under the collateral order doctrine. To satisfy the collateral order doctrine, the bankruptcy court's order must "(1) conclusively determine the disputed question, (2) resolve an important question completely separate from the merits of the action, and (3) be effectively unreviewable on appeal from final judgment." Id. at 390. Here, the bankruptcy court's order denying punitive damages does not implicate an "important question" warranting immediate appellate review from this court. Moreover, the Linehans may seek review of the bankruptcy court's order once the bankruptcy proceedings conclude in a final judgment. See id.; see also Elliot v. Four Seasons Properties (In re Frontier Properties), 979 F.2d 1358, 1364 (9th Cir.1992).
 
 
 5
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3