103 F.3d 138
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Larry Edward JARRETT; Susanne Jarrett, Debtors.
William H. FISHER, Appellant,
v.
Larry Edward JARRETT; Susanna Jarrett, Appellees.
 No. 95-56315.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 18, 1996.*
Decided Nov. 20, 1996.
 
 Before: PREGERSON, REINHARDT, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 William H. Fisher appeals pro se the Bankruptcy Appellate Panel's ("BAP") decision affirming the bankruptcy court's orders, setting aside his deed of trust on the residence of Chapter 13 debtors Larry and Susanna Jarrett ("Jarretts") and denying his motion for reconsideration.[1] We independently review the bankruptcy court's rulings on appeal from the BAP. Dominguez v. Miller (In re Dominguez), 51 F.3d 1502, 1506 (9th Cir.1995). We have jurisdiction pursuant to 28 U.S.C. § 158(d). We review the bankruptcy court's conclusions of law de novo and its findings of fact for clear error, see id., and we affirm.
 
 
 3
 To the extent Fisher contends that the bankruptcy court erred by holding that the deed of trust should not have been declared null and void, this contention lacks merit. The record supports the bankruptcy court's finding that the $20,000 in payments from a third party to Fisher were intended to satisfy Fisher's security interest in the Jarretts' property. Accordingly, the bankruptcy court did not err by holding that the deed of trust that Fisher held on the Jarretts' residence was satisfied and therefore null and void. Id.
 
 
 4
 On December 27, 1989, Fisher moved for reconsideration of the bankruptcy court's order. Because Fisher did not indicate whether the motion was brought under Fed.R.Civ.P. 59 or Fed.R.Civ.P. 60(b), the bankruptcy court analyzed the motion under both standards.[2] Accordingly we will review the bankruptcy court's denial under both standards.
 
 
 5
 We review the denial of a Rule 59 motion for abuse of discretion. California Sansome Co. v. United States Gypsum, 55 F.3d 1402, 1405 (9th Cir.1995). To the extent Fisher's motion for reconsideration is construed as a Rule 59 motion, Fisher failed to show any manifest error in law or fact and failed to offer any newly discovered evidence. Thus, the bankruptcy court did not abuse its discretion by denying Fisher's motion under Rule 59. See id.
 
 
 6
 To the extent Fisher's motion is construed as a Rule 60(b) motion, we review for abuse of discretion. Hammer v. Drago (In re Hammer), 940 F.2d 524, 525 (9th Cir.1991). A Rule 60(b) motion will be granted if the movant shows "mistake, inadvertence, surprise, or excusable neglect." See Fed.R.Civ.P. 60(b). Fisher alleges that he missed the hearing on the Jarretts' action to set aside the deed of trust because he was ill. Fisher contends that this constituted excusable neglect and that he should be granted relief from judgment. Assuming arguendo that Fisher showed excusable neglect because he was ill, the bankruptcy court did not abuse its discretion by denying his motion. "In this circuit, a trial court has discretion to deny a Rule 60(b) motion to vacate a default judgment if (1) the plaintiff would be prejudiced if the judgment is set aside, (2) defendant has no meritorious defense, or (3) the defendant's culpable conduct led to the default." Id. at 525-26. "This tripartite test is disjunctive." Id. at 525. Here, Fisher's motion failed to set forth a meritorious defense to the Jarretts' complaint. Accordingly, the bankruptcy court did not abuse its discretion. See id. at 1525.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Accordingly, Fisher's request for oral argument is denied. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The Jarretts had brought an adversary proceeding to determine the validity of Fisher's deed of trust. The bankruptcy court held that the deed of trust was satisfied and thus null and void. The bankruptcy court also denied Fisher's motion for reconsideration. On appeal, the BAP held that it lacked jurisdiction over the bankruptcy court's underlying judgment. This court reversed the BAP's decision and held that the BAP had jurisdiction over the underlying order. See Arrowhead Estates Dev. Co. v. United States Trustee (In re Arrowhead Estates Dev. Co.), 42 F.3d 1306, 1312 (9th Cir.1994). On remand the BAP considered Fisher's appeal from the underlying judgment as well the denial of his motion for reconsideration
 
 
 [2]
 The Federal Rules of Bankruptcy Procedure incorporate Rules 59 and 60 of the Federal Rules of Civil Procedure. See Fed.R.Bankr.P. 9023, 9024