134 F.3d 381
 2 Cal. Bankr. Ct. Rep. 38
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Joanne M. WESTON, Debtor-Appellant,
v.
William L. CONWAY, Trustee, Appellee.
 No. 96-16634.
 United States Court of Appeals, Ninth Circuit.
 Submitted January 12, 1998**
Jan. 16, 1998.
 
 Appeal from the Ninth Circuit Bankruptcy Appellate Panel, EC-95-01727-VRH; Volinn, Russell, and Hagan, Judges, Presiding.
 Before: BROWNING, KLEINFELD, and THOMAS, Circuit Judges.
 
 
 1
 MEMORADUM*
 
 
 2
 JoAnne Weston appeals pro se an order of the Bankruptcy Appellate Panel ("BAP") dismissing her appeal of a bankruptcy court order on the ground that the bankruptcy court order was not a final, appealable order. We dismiss the appeal for lack of jurisdiction.
 
 
 3
 The court of appeals has jurisdiction only over final bankruptcy court orders. See 28 U.S.C. § 158(d); Dominguez v. Miller (In re Dominguez), 51 F.3d 1502, 1506 (9th Cir.1995). A bankruptcy order is final when it: (1) resolves and seriously affects substantive rights, and (2) finally determines the discrete issue to which it is addressed. See Elliott v. Four Seasons Properties (In re Frontier Properties, Inc.), 979 F.2d 1358, 1363 (9th Cir.1992). If further proceedings in the bankruptcy court will affect the scope of the order, the order is not subject to review under 28 U.S.C. § 158(d). See Dunkley v. Rega Properties, Ltd. (In re Rega Properties, Ltd.), 894 F.2d 1136, 1138 (9th Cir.1990).
 
 
 4
 Here, the bankruptcy court's order was not final because it did not resolve and seriously affect Weston's substantive rights or finally determine a discrete issue. See In re Frontier Properties, 979 F.2d at 1363. The order simply denied Weston's motion for an early distribution, prior to the closing of the bankruptcy, of $5,000 from the balance of surplus estate funds held by the trustee.
 
 
 5
 Because the bankruptcy court order was not final, we lack jurisdiction under 28 U.S.C. § 158(d). See In re Dominguez, 51 F.3d at 1506.
 
 
 6
 DISMISSED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Appellant's December 9, 1996 motion for submission of the case on the basis of the opening brief alone and barring appellee from any oral argument is granted. See Fed. R.App. P. 31(c); 9th Cir. R. 31-2.3
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3