**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 23 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| BRENDA J. LITTLE, an attorney on leave, | No. 12-35297 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-01387-JLR |
| v. | MEMORANDUM* |
| STATE OF WASHINGTON, | |
| Defendant, | |
| And | |
| WASHINGTON STATE BAR ASSOCIATION, a state agency; et al., | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Submitted April 16, 2013**

Before:    CANBY, IKUTA, and WATFORD, Circuit Judges.

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\**    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Brenda J. Little, an attorney on leave, appeals pro se from the district court's judgment dismissing her 42 U.S.C. § 1983 action alleging various federal and state law claims in connection with proceedings to determine the status of her membership in the Washington State Bar Association. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005) (dismissal under Fed. R. Civ. P. 12(b)(6)); *Dominguez v. Miller (In re Dominguez)*, 51 F.3d 1502, 1508 n.5 (9th Cir. 1995) (dismissal under Fed. R. Civ. P. 8(a)). We affirm.

The district court properly dismissed Little's action because the First Amended Complaint did not comply with Federal Rule of Civil Procedure 8. *See* Fed. R. Civ. P. 8(a)(2) (requiring pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief"); *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) (to be entitled to presumption of truth, a complaint's allegations may not simply recite elements of cause of action but must contain sufficient allegations of underlying facts to give fair notice and enable an effective defense; factual allegations taken as true must plausibly suggest "entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation"); *McHenry v. Renne*, 84 F.3d 1172,

1179 (9th Cir. 1996) (Rule 8 "is a basis for dismissal independent of Rule 12(b)(6)").

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

Defendant Washington State Bar Association's opposed motion to strike portions of Little's reply brief is denied.

Defendant Muscatel's motion to strike Little's reply brief is denied.

Little's request for sanctions, raised in her reply brief, is denied.

**AFFIRMED.**