**NOT FOR PUBLICATION**

FEB 11 2014

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| In the Matter of: DAEWOO MOTOR AMERICA, INC., <br><br> Debtor, <br><br> ───────────────────── <br><br> DAEWOO MOTOR AMERICA, INC., Reorganized Debtor, <br><br> Appellant, <br><br> v. <br><br> DAEWOO MOTOR, CO., LTD., <br><br> Appellee. | No. 12-56004 <br><br> D.C. No. 2:10-cv-05445-SVW <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted February 7, 2014[**]
Pasadena, California

Before: KLEINFELD, SILVERMAN, and HURWITZ, Circuit Judges.

───────────────

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Daewoo Motor America ("DMA"), a chapter 11 debtor, seeks review of the district court's order affirming a bankruptcy court judgment entered in favor of the debtor's parent and creditor, Daewoo Motor Co., Ltd. ("DWMC"), on DMA's objection to DWMC's proof of claim. The bankruptcy court: (1) declined to recharacterize debt claimed by DWMC as equity in the debtor; and (2) allowed DWMC to recoup amounts it owed to DMA against DMA's obligations. We review the bankruptcy court's decision independently, and we affirm. *See In re Dominguez*, 51 F.3d 1502, 1506 (9th Cir. 1995).

DWMC argues that the bankruptcy court did not have authority to recharacterize DWMC's claim as one of equity in the appellant, relying on *In re Pacific Express*, 69 B.R. 112 (B.A.P. 9th Cir. 1986), a decision of the Bankruptcy Appellate Panel for the Ninth Circuit. This court's recent opinion in *In re Fitness Holdings. Int'l, Inc.*, however, held that bankruptcy courts may recharacterize a debtor's obligations to reflect the nature of the obligation under state law, rejecting *Pacific Express's* strict limitation to equitable subordination under 11 U.S.C. § 510(c). 714 F.3d 1141, 1147 (9th Cir. 2013).

The *Fitness Express* decision directs that, in distinguishing between debt and equity, the applicable authority is state law. 714 F.3d at 1148. The parties agree

that, in this case, the governing state law is identical to the multi-factor test used by the lower courts. Based on this agreement, we proceed to a review of the merits.

The bankruptcy court did not clearly err in denying DMA's request to recharacterize DWMC's obligations. *See In re AutoStyle Pastics, Inc.*, 269 F.3d 726 (6th Cir. 2001); *Hardman v. United States*, 827 F.2d 1409, 1411-12 (9th Cir. 1987). The bankruptcy court's determination that the obligations were debts was supported by the parties' agreements, the contemporaneous documentation evidencing the transactions, and DMA's statements to third parties, including its own auditors.

The bankruptcy court also did not abuse its discretion in allowing DWMC to recoup its debt against that owed to DWMC by DMA, since the obligations arose from the same agreements. *See Newbery Corp. v. Fireman's Fund Ins. Co.*, 95 F.3d 1392, 1399 (9th Cir. 1996).

Finally, we deny as moot DWMC's request to dismiss or to summarily affirm this appeal.

AFFIRMED.