**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In the Matter of: HUMAN DYNAMICS CORPORATION,<br><br>    Debtor,<br><br>———————————————<br><br>REORGANIZED HUMAN DYNAMICS CORPORATION, an Arizona corporation,<br><br>    Plaintiff - Appellee,<br><br>  v.<br><br>HUMAN DYNAMICS CAPTIVE MANAGEMENT, a Nevada corporation; et al.,<br><br>    Defendants - Appellants. | No. 12-17086<br><br>D.C. No. 2:12-cv-00509-DGC<br><br><br>MEMORANDUM[*] |
| In the Matter of: HUMAN DYNAMICS CORPORATION,<br><br>    Debtor,<br><br>———————————————<br><br>REORGANIZED HUMAN DYNAMICS CORPORATION, an Arizona corporation, | No. 12-17207<br><br>D.C. No. 2:12-cv-00509-DGC |

---

      [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

                    Plaintiff - Appellant,

     v.

     HUMAN DYNAMICS CAPTIVE
     MANAGEMENT, a Nevada corporation;
     et al.,

                    Defendants - Appellees.

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Submitted December 9, 2015[**]
San Francisco, California

Before: O'SCANNLAIN, SILVERMAN, and BEA, Circuit Judges.

These are cross-appeals from the district court's order affirming the bankruptcy court's judgment in favor of the reorganized debtor, and the bankruptcy court's orders extending appellants' time to appeal. The bankruptcy court entered judgment against defendants G. Douglas Anderton, Edward Kyle Anderton, and PC General Agency after finding, among other things, that G. Douglas Anderton had fraudulently caused the transfer of funds belonging to the pre-petition debtor, and that Edward Anderton and PC General Agency were

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

transferees of the funds. We review the bankruptcy court's decision independent of the decision of the district court, under a clear error standard as to factual findings, and we affirm. *See Dominguez v. Miller* (*In re Dominguez*), 51 F.3d 1502, 1506 (9th Cir. 1995).

The bankruptcy court did not clearly err in finding that Douglas Anderton, Edward Kyle Anderton, and PC General Agency were liable to the reorganized debtor on account of transfers caused by Douglas Anderton. *See Retz v. Samson* (*In re Retz*), 606 F.3d 1189, 1196 (9th Cir. 2010) ("A court's factual determination is clearly erroneous if it is illogical, implausible, or without support in the record."); *Husain v. Olympic Airways*, 316 F.3d 829, 835 (9th Cir. 2002) ("[I]f the district court's findings are plausible in light of the record viewed in its entirety, the appellate court cannot reverse even if it is convinced it would have found differently."); *see also Anderson v. City of Bessemer City*, 470 U.S. 564, 574 (1985) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous."). The bankruptcy court's determinations were supported by the record, including the undisputed facts contained in the parties' joint pre-trial statement, the debtor's and its parent's tax returns, and the testimony taken during the bankruptcy court's four-day bench trial.

The bankruptcy court also did not abuse its discretion in extending appellants' time to file their notice of appeal, because the record supported a determination that counsel's neglect was excusable. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

**AFFIRMED.**