**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 31 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANDREW KWASI DONKOR, | No. 16-55889 |
| Plaintiff-Appellant, | D.C. No. 5:14-cv-02539-GW-DTB |
| v. | |
| UNITED STATES OF AMERICA; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Submitted May 24, 2017**

Before:    THOMAS, Chief Judge, and SILVERMAN and RAWLINSON,
Circuit Judges.

California state prisoner Andrew Kwasi Donkor appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging deliberate

indifference to his serious medical needs and due process violations. We have

jurisdiction under 28 U.S.C. § 1291. We review de novo. *Resnick v. Hayes*, 213

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

F.3d 443, 447 (9th Cir. 2000) (dismissal under 28 U.S.C. § 1915A); *Dominguez v. Miller*, 51 F.3d 1502, 1508 n.5 (9th Cir. 1995) (dismissal under Fed. R. Civ. P. 8). We affirm.

In his opening brief, Donkor failed to challenge any of the district court's grounds for dismissal of the operative complaint, and therefore Donkor waived any such challenge. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) ("[W]e will not consider any claims that were not actually argued in appellant's opening brief."); *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("[A]rguments not raised by a party in its opening brief are deemed waived.").

Even if Donkor had not waived this challenge, the district court properly dismissed Donkor's action because the allegations in his third amended complaint were prolix, difficult to decipher, and failed to indicate how the named defendants violated Donkor's constitutional rights. *See* Fed. R. Civ. P. 8(a)(2) (stating that complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief"); *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996) (Rule 8 is an independent ground for dismissal and requires each averment of a pleading to be simple, concise, and direct in stating which defendant is liable to the plaintiff for which wrong).

**AFFIRMED.**

16-55889