NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 17 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SWARAN KAUR; BALBIR SINGH, | No. 16-15569 |
| Plaintiffs-Appellants, | D.C. No. 2:14-cv-00875-KJM-KJN |
| v. | |
| COMPTROLLER OF THE CURRENCY, U.S. Department of the Treasury; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Submitted August 9, 2017[**]

Before:     SCHROEDER, TASHIMA, and M. SMITH, Circuit Judges.

Swaran Kaur and Balbir Singh appeal pro se from the district court's

judgment dismissing their action alleging federal and state law claims arising from

the foreclosure of their property.  We have jurisdiction under 28 U.S.C. § 1291.

We review de novo.  *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998)

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

(dismissal under 28 U.S.C. § 1915(e)(2)); *Dominguez v. Miller (In re Dominguez)*, 51 F.3d 1502, 1508 n.5 (9th Cir. 1995) (dismissal under Fed. R. Civ. P. 8).  We affirm.

The district court properly dismissed appellants' deprivation of rights and discrimination claims for failure to comply with Rule 8(a)(2) because the allegations in the second amended complaint were vague, confusing, and failed to connect their claims to defendants' conduct.  *See* Fed. R. Civ. P. 8(a)(2) (pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief"); *McHenry v. Renne*, 84 F.3d 1172, 1179-80 (9th Cir. 1996) (affirming dismissal of complaint that failed to set forth simple, concise and direct averments).

The district court did not abuse its discretion by dismissing appellants' second amended complaint without further leave to amend because the district court provided appellants with two opportunities to amend and further amendment would be futile.  *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that dismissal without leave to amend is proper when amendment would be futile); *Chodos v. West Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) ("[W]hen a district court has already granted a plaintiff leave to amend, its discretion in deciding subsequent motions to amend is particularly broad." (citation and internal quotation marks

omitted)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**