NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JAN 23 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| IVAN RENE MOORE, | No. 18-55165 |
| Appellant, | D.C. No. 2:16-cv-09540-AB |
| v. | |
| U.S. TRUSTEE, for Region 16; WELLS FARGO BANK, N.A., | MEMORANDUM* |
| Appellees. | |

Appeal from the United States District Court
for the Central District of California
Andre Birotte, Jr., District Judge, Presiding

Submitted January 15, 2019**

Before:    TROTT, TALLMAN, and CALLAHAN, Circuit Judges.

Debtor Ivan Rene Moore appeals pro se from the district court's order

affirming the bankruptcy court's order dismissing his Chapter 11 bankruptcy case.

We have jurisdiction under 28 U.S.C. § 158(d). We review for an abuse of

discretion a bankruptcy court's decision to dismiss a case for cause. *Marsch v.*

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\**      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Marsch (In re Marsch)*, 36 F.3d 825, 828 (9th Cir. 1994). We review for clear error a bankruptcy court's findings of fact. *Dominguez v. Miller (In re Dominguez)*, 51 F.3d 1502, 1506 (9th Cir. 1995). We affirm.

The bankruptcy court did not clearly err in concluding that Moore failed to comply with certain reporting requirements in a timely manner and failed to complete accurately his schedules, and, on the record before it, the bankruptcy court did not abuse its discretion by dismissing Moore's bankruptcy case "for cause." *See* 11 U.S.C. § 1112(b) (permitting a bankruptcy court to dismiss a case "for cause" "on request of a party in interest"), (b)(4)(F) (explaining that an "unexcused failure to satisfy timely any filing or reporting requirement established by this title . . ." provides cause to dismiss a Chapter 11 bankruptcy petition); *Toibb v. Radloff*, 501 U.S. 157, 165 (1991) (bankruptcy court has "substantial discretion to dismiss a Chapter 11 case in which the debtor files an untenable plan of reorganization").

We reject as without merit Moore's contention that his due process and equal protection rights were violated.

Moore's requests for oral argument, set forth in his opening and reply briefs,

are denied.

**AFFIRMED.**