NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 28 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WALTER J. ROSALES; et al.,<br><br>    Plaintiffs-Appellants,<br><br> v.<br><br>U.S. DEPARTMENT OF THE INTERIOR; et al.,<br><br>    Defendants-Appellees. | No. 22-16196<br><br>D.C. No.<br>2:20-cv-00521-KJM-KJN<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, Chief District Judge, Presiding

Submitted August 24, 2023[**]
San Francisco, California

Before: BUMATAY, KOH, and DESAI, Circuit Judges.

Plaintiffs appeal the district court's dismissal of their second amended complaint with prejudice under Federal Rule of Civil Procedure ("FRCP") 41(b) for failing to comply with FRCP Rule 8(a) pleading requirements. We have jurisdiction

---

 [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

 [**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291. We review for an abuse of discretion the district court's dismissal with prejudice for failing to comply with Rule 8, *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996), but we review de novo whether the complaint satisfies Rule 8, *In re Dominguez*, 51 F.3d 1502, 1508 n.5 (9th Cir. 1995). We affirm.

The district court properly dismissed Plaintiffs' case with prejudice because Plaintiffs failed to comply with Rule 8 despite prior warnings about the complaint's deficiencies. The second amended complaint combined unrelated causes of action, listed dozens of statutes Defendants allegedly violated in vague and conclusory terms, and failed to identify which defendants were liable for which claims. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"); *McHenry*, 84 F.3d at 1180 (holding that a complaint violates Rule 8 when it lacks "clarity as to whom plaintiffs are suing for what wrongs"). The district court also appropriately considered all the relevant factors, including the availability of less drastic remedies, before it dismissed the complaint with prejudice. *See Henry v. Gill Indus., Inc.*, 983 F.2d 943, 948 (9th Cir. 1993) (listing factors district courts must consider before dismissing with prejudice under Rule 41(b)). The district court did not abuse its discretion by dismissing the case with prejudice.

**AFFIRMED.**