NOT FOR PUBLICATION

UNITED STATES BANKRUPTCY APPELLATE PANEL

OF THE NINTH CIRCUIT

| | | |
|---|---|---|
| In re: | ) | BAP No.  NC-13-1037-JuKiD |
| | ) | |
| BEATRICE LUI, | ) | Bk. No.  12-55239 |
| | ) | |
| Debtor. | ) | Adv. No. 12-05220 |
| _____ | ) | |
| | ) | |
| MARGARET EVE-LYNNE MIYASAKI, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | M E M O R A N D U M* |
| | ) | |
| BEATRICE LUI, | ) | |
| | ) | |
| Appellee. | ) | |
| _____ | ) | |

Argued and Submitted on February 20, 2014
at San Francisco, California

Filed - March 7, 2014

Appeal from the United States Bankruptcy Court
for the Northern District of California

Honorable Stephen L. Johnson, Bankruptcy Judge, Presiding

_____

Appearances:    Paul G. McCarthy, Esq. argued for appellant
Margaret Eve-Lynne Miyasaki; Melanie Tavare, Esq.
argued for appellee Beatrice Lui.

_____

Before:  JURY, KIRSCHER, and DUNN, Bankruptcy Judges.

_____

* This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

-1-

Judgment creditor Margaret Eve-Lynne Miyasaki (Appellant) appeals from the bankruptcy court's order dismissing her nondischargeability complaint against chapter 13[1] debtor Beatrice Lui as untimely filed under Rule 4007(c).

The bankruptcy court found that ¶ 6 in Appellant's objection to confirmation of debtor's plan (Objection) filed prior to the bar date set for the filing of nondischargeability complaints did not substantially comply with the pleading requirements for a complaint under Civil Rule 8(a).[2]  As a result, her late-filed complaint did not relate back to the date of her Objection.  We agree and AFFIRM.

## I.  FACTS

The facts are undisputed.  On June 1, 2005, debtor executed a $50,000 promissory note in favor of the late Richard Graber as partial payment for real property located on Serena Way, Santa Clara, California (property).  Debtor was Graber's daughter-in-law.

On November 4, 2005, Graber, Appellant's father, assigned the note to her.  The note was fully due and payable on June 1, 2010, in the amount of $65,000.  Debtor made no payments on the note.  Appellant filed a state court collection action against debtor and obtained a judgment in the amount of $89,558.67

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532. "Rule" references are to the Federal Rules of Bankruptcy Procedure and "Civil Rule" references are to the Federal Rules of Civil Procedure.

[2] Civil Rule 8(a) is applicable to adversary proceedings in bankruptcy under Rule 7008.

against her on March 20, 2012, which Appellant recorded as a lien against the property on April 24, 2012.

Debtor filed her chapter 13 petition on July 13, 2012. Debtor listed Chase Bank NA (Chase) as holding the first and second deeds of trust against the property with balances of $484,128 and $50,164, respectively. Appellant's judicial lien was evidently third in priority; however, debtor listed Appellant as an unsecured creditor in Schedule F with a claim in the amount of $89,558.67.

On July 30, 2012, Appellant's state court attorney, Paul McCarthy, filed a proof of claim (POC) on her behalf which asserted a secured claim in the amount of $89,558.67 against the property and an unsecured claim for $2,822.10. Following the filing of the POC, debtor sent notice of the meeting of creditors to McCarthy which set October 26, 2012, as the deadline to object to debtor's discharge or to challenge dischargeability of certain debts.

Debtor's plan provided for monthly payments of $280 to the chapter 13 trustee for arrearages on the first deed of trust and zero percent payment to unsecured creditors.[3]

On August 24, 2012, Appellant filed an objection to confirmation of debtor's plan. Paragraph 6 of the Objection, which is at issue in this appeal, stated:

---

[3] Debtor also filed a motion to void Chase's second deed of trust lien, contending that it was wholly unsecured based on a recent appraisal of the property at $440,000. According to debtor, Chase's second lien was voidable because the balance due on its first deed of trust was greater than the value of the property.

-3-

> Miyasaki's claim arises from a $50,000 promissory note that the debtor executed on June 1, 2005 as partial payment for the property located . . . Serena Way, Santa Clara, California. The note was originally made to the late Richard Graber, the seller of . . . Serena Way, and later assigned to Miyasaki. The due date of the note was June 1, 2010 in the amount of $65,000. The debtor made no payments on the note nor did she offer to make payments. She represented herself in the state collection proceedings and made it clear that she had never intended to pay the promissory note and had signed it to induce Mr. Graber to convery [sic] . . . Serena Way to her. Miyasaki believes that, accordingly, the debt was incurred through fraud and is thereby non-dischargeable under 11 U.S.C. section 523(a)(2). Miyasaki intends to file an adversary proceeding on this issue.

On November 16, 2013, three weeks after the October 26, 2012 deadline for filing nondischargeability complaints, Appellant filed her complaint seeking to except the debt owed to her from discharge, alleging that debtor incurred the debt by fraud. Debtor moved to dismiss the complaint as late filed under Rule 4007(c). Appellant opposed, claiming that the late-filed adversary complaint related back to ¶ 6 of her Objection, which was filed on August 24, 2012, almost two months before the October 26, 2012 deadline for filing dischargeability complaints. In support of her relation-back theory, Appellant maintained that ¶ 6 provided debtor with fair notice that Appellant's claim for nondischargeability was based on fraud, and that debtor was not prejudiced by the three-week late filing of the adversary complaint.

Debtor argued in response that ¶ 6 of Appellant's Objection failed to meet the criteria for a complaint under Civil Rule 8 and Rule 7008 because it did not (1) provide a basis for the bankruptcy court's jurisdiction; (2) make a demand for relief; or (3) state whether the matter was core or non-core. According

to debtor, application of the relation-back doctrine was not warranted under the facts and thus Appellant's complaint was time barred.

At the January 14, 2013 hearing on the matter, the bankruptcy court applied the relevant Ninth Circuit case law construing the substantial compliance and relation back doctrines and agreed with debtor. The court dismissed Appellant's adversary proceeding by order entered on January 17, 2013. Appellant timely appealed.

## II.  JURISDICTION

The bankruptcy court had jurisdiction over this proceeding under 28 U.S.C. §§ 1334 and 157(b)(2)(A) and (I). We have jurisdiction under 28 U.S.C. § 158.

## III.  ISSUE

Whether the bankruptcy court erred by deciding that the substantial compliance and relation back doctrines did not make Appellant's complaint timely.

## IV.  STANDARD OF REVIEW

Whether a pleading substantially complies with Civil Rule 8(a) is a question of law which we review de novo. We also review a Civil Rule 15(c)(2)[4] relation-back decision de novo. Dominguez v. Miller (In re Dominguez), 51 F.3d 1502, 1508 (9th Cir. 1995); Classic Auto Refinishing, Inc. v. Marino (In re Marino), 143 B.R. 728 (9th Cir. BAP 1992), aff'd, 37 F.3d 1354 (9th Cir. 1994).

---

[4] Civil Rule 15 is applicable to adversary proceedings in bankruptcy under Rule 7015.

-5-

# V. DISCUSSION

Rule 4007(c) provides:

> A complaint to determine the dischargeability of any debt pursuant to § 523(c) of the Code shall be filed not later than 60 days following the first date set for the meeting of the creditors held pursuant to § 341(a). The court shall give all creditors not less that 30 days notice of the time so fixed in the manner provided in Rule 2002. On motion of any party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be made before the time has expired.

Rule 4007(c) is strictly construed in the Ninth Circuit. In re Marino, 37 F.3d at 1359. Here, there is no dispute that McCarthy received notice of the October 26, 2012 deadline for filing dischargeability complaints well in advance of the deadline and that Appellant's complaint against debtor was not filed or served until three weeks after the bar date had passed.

## A. The Substantial Compliance and Relation Back Doctrines

Although untimely, a bankruptcy court may consider a nondischargeability complaint timely based on the doctrines of substantial compliance and relation back of amended pleadings. In re Marino, 37 F.3d 1354 (finding no substantial compliance); In re Dominquez, 51 F.3d at 1510 (finding substantial compliance and relation back); Markus v. Gschwend (In re Markus), 313 F.3d 1146, 1150-51 (9th Cir. 2002) (finding no substantial compliance). The Ninth Circuit's application of these doctrines to the underlying facts in each of the foregoing cases is instructive.

In Marino, the creditor received timely written notice of the bankruptcy and the bar date for filing claims under § 523(c). The creditor's counsel filed an "Opposition to Sale"

-6-

before the bar date and told the debtor's attorney that the creditor intended to file a nondischargeability complaint. The complaint was filed nine days late. The debtor filed an answer asserting the bar date as an affirmative defense and moved to dismiss the complaint. The bankruptcy court dismissed the complaint. On appeal, this Panel and the Ninth Circuit affirmed. In discussing whether the "Opposition to Sale" and the documents filed with it substantially complied with requirements of a complaint, the Ninth Circuit noted that Civil Rule 8(a) requires a pleading that states a claim for relief to "include a demand for judgment for the relief the pleader seeks." 37 F.3d at 1357. The court found no language in the opposition or documents filed with it that demanded a judgment of nondischargeability as required by Rule 8(a). In addition, the court noted that the opposition was not captioned as a pleading, did not include the correct file number as required by Rules 7(a) and 10(a) or satisfy the additional requirement of Rule 7008(a) that in an adversary proceeding before a bankruptcy judge, a complaint shall contain a statement that the proceeding is core or non-core. Id.

The Ninth Circuit emphasized that the purpose of a pleading is to give the defendant fair notice of the plaintiff's claim and the grounds for the claim. Id. "However, the policy of construing pleadings liberally does not justify the conclusion that any document filed in a court giving some notice of a claim satisfies the requirements of the Federal Rules." Id. In the end, the court found that the opposition and the documents filed with it did not satisfy the requirements for a complaint.

Accordingly, because the later filed complaint had nothing to relate back to, it was not timely filed.

In <u>Dominquez</u>, the Ninth Circuit reached a different result. There, debtor filed its chapter 11 petition and subsequently the trustee filed a plan. In response to the trustee's plan, creditors filed a "Memorandum Re: Relationship between Order Confirming Trustee's Plan and Debtor's Discharge," in which they alleged that confirmation of the trustee's plan should be denied because the plan satisfied all the statutory requirements for nondischargeability under § 1141(d)(3).[5] Creditors did not file a timely nondischargeability complaint. Creditors' counsel took the position that an adversary complaint was unnecessary based on his belief that § 1141(d)(3) prohibited the debtor's discharge as a matter of law. 51 F.3d at 1505.

At the confirmation hearing, the bankruptcy court deferred its decision on the creditors' memorandum and directed them to submit their argument as a declaratory judgment action. The court also suggested that Rule 4004(a) barred the creditors from objecting to the debtor's discharge because they had not filed a

---

[5] 1141(d)(3) provides:

The confirmation of a plan does not discharge a debtor if--
    (A) the plan provides for the liquidation of all or substantially all of the property of the estate;
    (B) the debtor does not engage in business after consummation of the plan; and
    (C) the debtor would be denied a discharge under section 727(a) of this title if the case were a case under chapter 7 of this title.

-8-

complaint by the date of the confirmation hearing. The creditors responded by filing a complaint, after the confirmation hearing. In response, the debtor asserted Rule 4004(a) as an affirmative defense. The bankruptcy court dismissed the creditors' complaint.

This Panel reversed, finding that the creditors' pre-confirmation memorandum was sufficient to satisfy the requirements of a timely complaint on the basis that it clearly challenged the debtor's right to a discharge and contained factual allegations and some evidence in support of those allegations. On further appeal, the Ninth Circuit affirmed the Panel, concluding that the post-confirmation hearing complaint related back to the creditors' memorandum filed before the hearing. Id. at 1510.

Finally, in Markus, the Ninth Circuit considered whether a "Motion to Object to Debtors [sic] Discharge and Convert the Chapter 7 Case to Chapter 13" was a complaint, albeit a deficient one, under Rule 7008(a). In examining the content of the motion, the Ninth Circuit found that it was "aimed at converting Markus's case from Chapter 7 to Chapter 13." 313 F.3d at 1150. The court found that the document failed to identify any code section or criteria for nondischargeability nor did it set forth any facts having to do with a claim for relief based on nondischargeability. Consequently, the appellate court concluded that it was not like the document in Dominguez where the main deficiency was that it was captioned a "Discharge Memorandum" rather than a "complaint" but otherwise cited the statutory criteria for nondischargeability, referenced

-9-

specific sections of the examiner's report as support for allegations that the criteria were satisfied, and stated the claim for relief by asserting that the confirmation order could not discharge the debtor's debts. Id. The court found that instead, the document was "more like" the "Opposition to Sale" which it had deemed insufficient in Marino, "which also failed to demand a judgment of nondischargeability, was not captioned as a pleading, and contained no statement that the proceeding was core or non-core." Id. In the end, the Ninth Circuit found that the document, even if construed as meeting the requirements for a complaint, could not relate back because the motion pointed a completely different direction than the later filed complaint. Therefore, the complaint did not relate back to the motion and was untimely. Id. at 1150-51.

**B. Analysis**

The forgoing cases teach that application of the substantial compliance doctrine is concerned with notice and not just "some notice," but notice that substantially complies with the requirements of the Federal Rules of Bankruptcy Procedure. In re Markus, 313 F.3d at 1150 (framing the "dispositive question" as whether the timely filed pleading put the debtor on notice that the creditor was objecting to her discharge); In re Marino, 37 F.3d at 1357 (the policy of construing pleadings liberally does not justify the conclusion that any document filed in a court giving some notice of a claim satisfies the requirements of the Federal Rules).

The type of notice required for nondischargeability complaints based on fraud is set forth in Civil Rules 8 and 9,

made applicable to bankruptcy proceedings under Rules 7008 and 7009. Generally, under Civil Rule 8(a), a complaint must contain (1) a short and plain statement of the grounds for the court's jurisdiction; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought. "[T]he main purpose of the complaint is to provide notice of what plaintiff's claim is and the grounds upon which the claim rests . . . . [the] plaintiff must at least set forth enough details so as to provide a defendant and the court with a fair idea of the basis of the complaint and the legal grounds claimed for recovery." Acequia, Inc. v. Clinton (In re Acequia, Inc.), 34 F.3d 800, 814 (9th Cir. 1994). Rule 7008(a) imposes the additional requirement that the complaint contain a statement that the proceeding before a bankruptcy judge is core or non-core.

When fraud is alleged, Civil Rule 9(b) requires more. Under that rule, "a party must state with particularity the circumstances constituting fraud." Kearns v. Ford Motor Co., 567 F.3d 1120, 1124 (9th Cir. 2009).

> [Civil] Rule 9(b) demands that the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong. Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged. A party alleging fraud must 'set forth more than the neutral facts necessary to identify the transaction.'

Id. at 1124–25. "Fraud can be averred either directly, by specifically averring fraud, or indirectly, by alleging facts that, if true, would necessarily constitute fraud even if the word 'fraud' is not used." Id. at 1124. "[M]ere conclusory

-11-

allegations of fraud are insufficient." <u>Moore v. Kayport Package Express</u>, 885 F.2d 531, 540 (9th Cir. 1989).

Paragraph 6 of Appellant's Objection does not substantially comply with the above criteria for a nondischargeability complaint based on fraud. In examining the content of her Objection as a whole, we find that its purpose appears "clearly aimed" at defeating confirmation of debtor's plan and not at objecting to debtor's discharge. The leading paragraphs relate to confirmation issues: in ¶ one, Appellant alleged that the plan ran afoul of § 1325(a)(5)(B)(ii) by not providing her with distributions with a value equal to the allowed amount of her claim and in ¶ two, she agreed with the trustee's objection to the plan that it did not comply with the requirements of § 1325(a)(6) in that it did not provide for arrears and/or on-going payments to junior lienholders on the property. The bulk of her remaining allegations relate to the valuation of the property and the inaccuracies or incomplete nature of information contained in debtor's petition. We construe these allegations as addressing Appellant's perception that the treatment of her claim under the plan was unfair.

Only at the end of her Objection in ¶ 6 does Appellant mention debtor's alleged fraud, that the debt was nondischargeable under § 523(a)(2), and that she intended to file an adversary proceeding on this issue. However, ¶ 6 does not make up for Appellant's failure to file a timely nondischargeability complaint. Although Appellant mentions § 523(a)(2) as a basis for her nondischargeability claim, we conclude that ¶ 6 does not contain enough details to provide

-12-

debtor with a fair idea of the basis for Appellant's claim and the legal grounds claimed for recovery for several reasons.

First, Appellant fails to differentiate between § 523(a)(2)(A) and (B) and the justifiable reliance or reasonable reliance standards of those sections. Although counsel argued at the hearing on this matter that Appellant's fraud claim could only be under § 523(a)(2)(A), even in that case she does not mention facts showing Graber's reliance on debtor's misrepresentations at all.

Second, the neutral and conclusory facts as alleged do not meet the standard for pleading a fraud claim with the particularity required under Civil Rule 9(b). See Dominguez, 51 F.3d at 1508 (explaining that within the context of bankruptcy, courts construe deficient pleadings liberally, if the pleading substantially complies with requirements of a complaint under Civil Rule 9(b) by providing "fair notice of what the plaintiff's claim is and the grounds upon which it rests."); see also Kearns, 567 F.3d at 1124; Moore, 885 F.2d at 540.

Next, it does not appear that Appellant makes a demand for relief in the Objection pertaining to the nondischargeability of the debt. See In re Marino, 37 F.3d at 1357 (noting that there was no language in the Opposition or documents filed with it that demands judgment of nondischargeability as required by Civil Rule 8(a)). Instead, Appellant states in ¶ 6 that she intended to file an adversary proceeding based on her legal conclusion that debtor committed fraud.

Finally, there is no statement that the proceeding was core

-13-

or non-core as required under Rule 7008(a).  <u>Id.</u> at 1357. Although counsel argued at the hearing that implicitly the matter could only be core because Appellant alleged the debt was nondischargeable under § 523(a), the <u>Marino</u> court found it significant that this requirement for a complaint was lacking. We cannot simply stretch the substantial compliance doctrine to fit the notice requirements for a complaint through implication, especially when faced with the strict deadline under Rule 4007(c) for filing complaints objecting to the dischargeability of specific debts.

Due to these deficiencies, we conclude that ¶ 6 of Appellant's Objection is closer to the documents in <u>Markus</u> and <u>Marino</u> than <u>Dominguez</u>.  Because this paragraph was inadequate to put debtor on notice of the claim against her, we agree with the bankruptcy court's assessment that ¶ 6 did not substantially comply with the requirements for a nondischargeability complaint.  Therefore, Appellant's complaint filed on November 16, 2013, did not relate back to ¶ 6 of Appellant's Objection.  As her complaint was untimely filed under Rule 4007(c), dismissal was proper.

## VI.  CONCLUSION

For the reasons stated, we AFFIRM.

-14-