NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 9 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MICHAEL DEUSCHEL,

Plaintiff - Appellant,

v.

CALIFORNIA HEALTH AND HUMAN
SERVICES AGENCY; Doctor MARK
GHALY,

Defendants - Appellees.

No. 24-3129

D.C. No.
3:23-cv-03458-MMC

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
Maxine M. Chesney, District Judge, Presiding

Submitted May 23, 2025**
Pasadena, California

Before: WARDLAW and OWENS, Circuit Judges, and HINDERAKER, District
Judge.***

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable John Charles Hinderaker, United States District Judge
for the District of Arizona, sitting by designation.

Michael Deuschel appeals from the district court's dismissal of his First Amended Complaint (FAC). The district court dismissed the FAC, with prejudice, for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) because the FAC did not comply with Federal Rule of Civil Procedure 8. We have jurisdiction under 28 U.S.C. § 1291. We reverse and remand.

We review de novo the district court's dismissal of the FAC pursuant to 28 U.S.C. § 1915(e) and dismissal under Rule 8. *Hebrard v. Nofziger*, 90 F.4th 1000, 1006 (9th Cir. 2024) (dismissal under 28 U.S.C. § 1915(e)(2)); *In re Dominguez*, 51 F.3d 1502, 1508 n.5 (9th Cir. 1995) (dismissal under Rule 8). We review for an abuse of discretion the district court's dismissal of a complaint without leave to amend. *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1172 (9th Cir. 2016).

The district court did not err in dismissing the FAC pursuant to 28 U.S.C. § 1915(e)(2)(B) because the FAC did not comply with Rule 8. *See Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058–59 (9th Cir. 2011) (collecting cases affirming dismissal without leave to amend under Rule 8(a) where the complaint is unnecessarily long, repetitive, or confusing). The FAC fails to specify what actions taken by each defendant caused injury in violation of which laws.

With respect to dismissal without leave to amend, "court[s] consider[] five

factors in assessing the propriety of leave to amend—bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011) (citation omitted). As to the fourth factor, futility of amendment, we have explained that "[l]eave to amend is warranted if the deficiencies can be cured with additional allegations that are 'consistent with the challenged pleading' and that do not contradict the allegations in the original complaint." *Id.* (quoting *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296–97 (9th Cir. 1990)).

In dismissing the FAC without leave to amend, the district court failed to explicitly consider all the factors for dismissal without leave to amend. With respect to futility, the district court cited the standard set forth in *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000)—that leave to amend should be granted unless a pleading "could not possibly be cured by the allegation of other facts"— but failed to identify any reasons for concluding that the FAC could not be cured with additional allegations. *See DCD Programs v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) ("If a district court believes the plaintiff is not able to state a claim, it should provide written findings explaining this. . . . [I]n the absence of written findings or a record which clearly indicates reasons for the district court's denial, this court will reverse a denial of leave to amend."). The district court's

observation that it was "unable to discern any attempt in the FAC to revise the complaint in such a way as to cure or even address the deficiencies identified in the Court's prior screening order" does not suffice as consideration of futility because it does not address whether, if granted leave to amend, Deuschel could have stated a claim with additional allegations.

The fifth factor—that Deuschel had previously amended his complaint—is the sole cited basis for the district court's denial of leave to amend. However, "[a]s a general rule, leave to amend may be denied when a plaintiff has demonstrated a '*repeated* failure to cure deficiencies by amendments previously allowed.'" *United Healthcare Ins. Co.*, 848 F.3d at 1183 (emphasis added) (citation omitted).

Deuschel had only one opportunity to amend his claims; thus, if the district court's sole basis for dismissal without leave to amend was that Deuschel failed to cure the pleading deficiencies after one attempt at amendment, then dismissal without leave to amend was an abuse of discretion. *See Garmon v. Cnty. of Los Angeles*, 828 F.3d 837, 842 (9th Cir. 2016) ("A district court abuses its discretion by denying leave to amend unless amendment would be futile or the plaintiff has failed to cure the complaint's deficiencies despite repeated opportunities." (citation omitted)). This is particularly true because the district court also did not permit Deuschel to propose further amendments to the FAC. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) ("Although

leave to amend should be given freely, a district court may dismiss without leave where a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile.").

Furthermore, the district court did not identify a basis for dismissing the case with prejudice. *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("A district court's failure to . . . articulate why dismissal should be with prejudice instead of without prejudice may constitute an abuse of discretion.").

We therefore reverse the district court's order dismissing the FAC without leave to amend and with prejudice and remand this matter to grant Deuschel leave to file a second amended complaint.

**REVERSED AND REMANDED**.